JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 3 0 2007

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

In re:

MENU FOODS, INC. PRODUCTS
LIABILITY LITIGATION

MDL Docket No. _____

_____/

## FLORIDA PLAINTIFF CHRISTINA TROIANO'S MOTION TO TRANSFER AND
## COORDINATE OR CONSOLIDATE ACTIONS UNDER 28 U.S.C. § 1407

Paul J. Geller
Stuart A. Davidson
James L. Davidson
**LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP**
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Telephone: (561) 750-3000
Facsimile: (561) 750-3364

*Counsel for Florida Plaintiff Christina Troiano*

## OFFICIAL FILE COPY

IMAGED APR 2 2007

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
2007 MAR 29 A 10: 30
RECEIVED
CLERK'S OFFICE

Pursuant to 28 U.S.C. § 1407 and the Rules of Procedure on Multidistrict Litigation, plaintiff in the action styled *Christina Troiano, individually and on behalf of all others similarly situated v. Menu Foods, Inc. et. al.*, Case No. 07-60428-CIV-COHN, United States District Court for the Southern District of Florida ("Troiano" or "Movant"), files this Motion and respectfully moves for an Order transferring all related pending actions against Menu Foods, Inc. and its related partners, affiliates and subsidiaries (the "Defendants"), including the actions listed on Schedule of Actions, to the Southern District of Florida.

As set forth below and in the accompanying Memorandum, Troiano believes the actions listed on the accompanying Schedule of Actions, and any future tag-along actions, satisfy the requirements for consolidation and coordination because they concern common questions of fact and law and consolidation or coordination will serve the interests of efficiency and convenience.

In support of this motion, Movants state as follows:

1.      Movant is the plaintiff in the following case: *Christina Troiano, individually and on behalf of all others similarly situated v. Menu Foods, Inc. et. al.*, Case No. 07-60428-CIV-COHN which is currently pending in the United States District Court for the Southern District of Florida.

2.      Movant is currently aware of six other pending class action cases containing similar factual allegations and seeking similar relief against the Defendants. The cases are listed on the attached Schedule.

3.      Accompanying Movant's Motion is a Rule 7.2(a)(ii) Schedule of Actions listing all related actions of which Movant is aware. True and correct copies of the complaints in Movant's action and the complaints in each of the related actions are attached to the accompanying Schedule of Actions, filed herewith

4.      As described in greater detail in the accompanying Memorandum, the factual allegations in each of the actions contain similar allegations regarding Defendants and their defective and ultimately deadly pet food.  Each action contends that from December 3, 2006 up to and including March 6, 2007, and possibly at other times, Defendants entered into the stream of commerce pet food that was defective and, for thousands of household pets, deadly -- Defendants' pet food and pet food products (the "Products") were contaminated with rat poison or a related agent that contributed to the illness and/or death of thousands of dogs and cats.  As a result of the defective Products, each action contends that the Plaintiffs and members of the putative Class suffered damages in that they have incurred substantial veterinary bills, death of pets, and purchased and/or own pet food and pet food products that they would not otherwise have bought had they known such products were defective.

5.      Each action further contends that Defendants should have known or know and have admitted that certain of the Products produced by the Defendants between December 3, 2006 and March 6, 2007 are defective and causing injury and death to pets, and on March 16, 2007, initiated a recall of some of the Products.

6.      A centralization of all actions in the Southern District of Florida will be for the convenience of parties and witnesses under 28 U.S.C. §1407 and will save Defendants the burden of having to defend virtually identical actions in multiple states.  Witnesses will also be spared the possibility of being required to testify in several locales.

7.      Because each of these related cases arises from a virtually identical set of operative facts relating to Defendants' conduct, discovery conducted in each of the actions proposed for consolidation will be substantially similar, and will involve the same or similar documents and witnesses.

8.    Absent transfer of all of these cases to a single forum for coordinated and consolidated proceedings, there is a substantial risk of inconsistent and conflicting pretrial rulings on discovery and other key issues, such as class certification.  Coordination and consolidation will promote the just and efficient conduct of the actions, because it will allow one court to address Defendants' ongoing conduct.

9.    Centralization in the Southern District of Florida will also promote the just and efficient conduct of this litigation under 28 U.S.C. § 1407 as more fully set forth in the attached Memorandum.

10.    These actions have all been filed on or after March 19, 2007, and are still in their nascent stages.  Movant is not aware of any discovery conducted to date, and know of no initial disclosures that have been made in any of these cases.  A transfer of these related cases will result in only one judge supervising discovery and resolving any subsequent motions, including motions for class certification.

11.    Since all actions are in the beginning stage of the litigation, no prejudice or inconvenience would result from transfer, coordination and/or consolidation.

12.    A comparison of the relative MDL case loads of potential transferee districts demonstrates that the Southern District of Florida is a suitable forum.  According to the Distribution of Pending MDL Dockets as of March 26, 2007, there is only one pending MDL proceeding in the Southern District of Florida, and numerous judges who have the experience to handle MDL's (*See* Distribution of Pending MDL Dockets as of March 26, 2007, Ex. A.).

13.    For these reasons, and as set forth more fully in the accompanying memorandum, Movant respectfully requests that the Panel enter an Order consolidating and coordinating the actions

identified on the accompanying Schedule together with any related actions subsequently filed or

presently unknown to Movant for proceedings in the Southern District of Florida.

Respectfully submitted,

DATED: March 28, 2007

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
PAUL J. GELLER
Florida Bar No. 984795
*pgeller@lerachlaw.com*
STUART A. DAVIDSON
Florida Bar No. 84824
*sdavidson@lerachlaw.com*
JAMES L. DAVIDSON
Florida Bar No. 723371
*jdavidson@lerachlaw.com*

STUART A. DAVIDSON

120 E. Palmetto Park Road, Suite 500
Boca Raton, FL  33432-4809
Telephone:  561/750-3000
561/750-3364 (fax)


KOPELMAN & BLANKMAN
LAWRENCE KOPELMAN
Florida Bar No. 288845
*lmk@kopelblank.com*
350 E. Las Olas Blvd., Suite 980
Ft. Lauderdale, FL  33301
Telephone: 954/462-6855
954/462-6899 (fax)

**Attorneys for Florida Plaintiff Christina
Troiano**

G:\jdavidson\Menu Foods\Pleadings\Motion for MDL (final).doc

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 3 0 2007

FILED
CLERK'S OFFICE

## BEFORE THE JUDICIAL PANEL ON
## MULTIDISTRICT LITIGATION

In re:

MENU FOODS, INC. PRODUCTS                    MDL Docket No. _____
LIABILITY LITIGATION
_____/

## FLORIDA PLAINTIFF CHRISTINA TROIANO'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO TRANSFER AND COORDINATE OR
## CONSOLIDATE ACTIONS UNDER 28 U.S.C. § 1407

Paul J. Geller
Stuart A. Davidson
James L. Davidson
**LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP**
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

*Counsel for Florida Plaintiff Christina Troiano*

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
2007 MAR 29  A 10: 3
RECEIVED
CLERK'S OFFICE

Pursuant to 28 U.S.C. § 1407 and the Rules of Procedure on Multidistrict Litigation, Plaintiff in the action styled *Christina Troiano, individually and on behalf of all others similarly situated v. Menu Foods, Inc. et. al.*, CASE NO. 07-60428-CIV-COHN, United States District Court for the Southern District of Florida. Plaintiff Christina Troiano ("Troiano" or "Movant"), respectfully submits this Memorandum in Support of Florida Plaintiff Christina Troiano's Motion for Transfer and Coordination or Consolidation. For the reasons set forth below, Movant's lawsuit and the related lawsuits identified in the accompanying Schedule of Actions should be transferred to and consolidated in the Southern District of Florida.

## I.    INTRODUCTION

Troiano brings her class action to remedy the harm caused by the defective and deadly pet food manufactured and placed into the stream of commerce by Menu Foods, Inc. and its affiliates, partners and subsidiaries (collectively, the "Menu Foods Defendants" or "Defendants"). Defendants are the leading North American private label/contract manufacturer of wet pet food products (the "Products") sold by supermarket retailers, mass merchandisers, pet specialty retailers, and other wholesale and retail outlets, including Wal-Mart, Safeway, Kroger, PetSmart, Inc., Giant Food, and other large retail chains, and has provided pet food products to or for Proctor & Gamble, Inc. Defendants produce hundreds of millions of containers of pet food annually.

Defendants design, manufacture, market, advertise and warrant their pet food Products. In conjunction with each sale, Defendants market, advertise and warrant that the Products are fit for the ordinary purpose for which such goods are used – consumption by pets – and are free from defects. Defendants produce the pet food Products intending that consumers will purchase the pet food products, regardless of brand or label name, place of purchase, or the location where pets actually consume them. The pet food Products are placed in the stream of commerce and distributed and

2

offered for sale and sold to Troiano and purchasers in Florida and the United States and fed to their pets.

From December 3, 2006 up to and including March 6, 2007, and possibly at other times, Defendants entered into the stream of commerce pet food Products that were deadly and defective – Defendants' pet food and pet food Products were potentially contaminated with rat poison or some other agent that contributed to the illness and/or death of thousands of dogs and cats. As a result of the defective Products, Troiano and members of the putative Class have suffered damages in that they have incurred substantial veterinary bills, death of pets, and purchased and/or own pet food and pet food products that they would not otherwise have bought had they known such products were defective.

Defendants know and have admitted that certain of the Products produced by the Defendants between December 3, 2006 and March 6, 2007 are defective and causing injury and death to pets, and on March 16, 2007, initiated a nationwide recall of some of the Products. Further, the Food and Drug Administration has reported that as many as one in six animals died in tests of the Products by Defendants last month after the Defendants received complaints the Products were poisoning pets around the country. A spokeswoman for the New York State Department of Agriculture and Markets has said that rodent poison was determined to have been mixed into the Products.

## II.    HISTORY OF THE PENDING LAWSUITS

The related actions, identified in the accompanying Schedule of Actions present common questions of law and fact, common defendants, and are brought on behalf of overlapping classes (*i.e.*, all persons and entities who suffered damages due to Defendants' defective pet food and pet food Products). Transfer and consolidation of all existing actions, and all subsequently filed related cases, to the Southern District of Florida will best serve the convenience of the parties and witnesses

3

and promote the just and efficient conduct of the litigation. Each related action is briefly discussed below.

On or about March 19, 2007, Tom Whaley, individually and on behalf of others similarly situated, filed the class action styled *Whaley v. Menu Foods, Inc., et. al.,* Case No. 2:07-cv-00411, in the United States District Court for the Western District of Washington (the "*Whaley* Action"). This complaint seeks damages and equitable relief for breach of contract, unjust enrichment, deceptive and unfair business practices, breach of warranties and negligent misrepresentation on behalf of a class of all persons who purchased any dog or cat food which was produced by the Defendants and/or has had a dog or cat become ill as a result of eating the food.

Also on March 19, 2007, Lizajean Holt, individually and on behalf of others similarly situated, filed the class action styled *Holt v. Menu Foods, Inc.,* Case No. 3:07-cv-00094, in the United States District Court for the Eastern District of Tennessee (the "*Holt* Action"). This complaint likewise seeks damages and equitable relief for deceptive and unfair business practices, breach of warranties and negligence on behalf of a class of all persons in the United States who purchased or fed his, her, or their cat(s) or dog(s) pet food produced or manufactured by Defendants that was or will be recalled by the Defendants, including that produced fro December 3, 2006 up to and including March 6, 2007.

On or about March 20, 2007, Dawn Majerczyk, individually and on behalf of others similarly situated, filed the class action styled *Majerczyk v. Menu Foods, Inc.,* Case No. 1:07-cv-01543, in the United States District Court for the Northern District of Illinois (the "*Majerczyk* Action"). This complaint seeks damages and injunctive relief for breach of warranties and negligence on behalf of a class of herself and all others who purchased pet food in the United States that was ultimately subject to the March 16, 2007 Menu Foods recall.

On or about March 21, 2007, Charley Ray Sims and Pamela Sims, on behalf of themselves and all others similarly situated, filed the class action styled *Sims, et. al. v. Menu Foods Income Fund, et. al.,* Case No. 5:07-cv-05053, in the District Court for the Western District of Arkansas (the "*Sims* Action"). This complaint seeks damages for strict liability, fraud, breach of express and implied warranties and negligence on behalf of a class of (1) all persons or entities who purchased Menu Food brands at any time and disposed of or will not use the products based on publicity surrounding the safety and recall of the products; (2) all persons or entities who purchased Menu Foods products and fed products to their pets on or since December 6, 2006; and (3) all persons or entities who purchased Menu Food products from wholesale distributors on or since December 6, 2006.

On or about March 23, 2007, Jared Workman, and Mark and Mona Cohen, on behalf of themselves and all others similarly situated, filed the class action styled *Workman, et. al. v. Menu Foods Limited, et. al.,* Case No. 1:07-cv-01338, in the District Court for the District of New Jersey (the "*Workman* Action"). This complaint seeks damages for breach of express and implied warranties and negligence on behalf of a class of all persons in the United States who purchased any of the pet food brands manufactured by Defendants during the period commencing December 3, 2006, and ending March 6, 2007.

Also on March 23, 2007, Richard and Barbara Widen, and Mark and Mona Cohen, on behalf of themselves and all others similarly situated, filed the class action styled *Widen, et. al. v. Menu Foods, et. al.,* Case No. 5:07-cv-05055, in the District Court for the Western District of Arkansas (the "*Widen* Action"). This complaint seeks damages for strict liability and negligence on behalf of a class of all persons in the United States who purchased contaminated pet food from Wal-Mart that was produced by Menu Foods.

On March 26, 2007, Troiano, individually, and on behalf of all others similarly situated, filed her Complaint against Defendants alleging claims for negligence, breach of warranties, strict liability, and unjust enrichment.

## III.    ARGUMENT

In view of the facts outlined above, and the jurisprudence regarding multidistrict litigation set forth below, these cases should be centralized in the United States District Court for the Southern District of Florida.  Transfer and consolidation is essential to permit the efficient and non-duplicative handling of these cases and the Southern District of Florida is the most appropriate venue for this multidistrict litigation.

### A.    The Similarity of These Class Actions Warrants Coordination and Consolidation

28 U.S.C. § 1407(a) authorizes the transfer of multiple civil actions pending in various federal districts to a single federal district court when the actions involve "one or more common questions of fact . . . ." Moreover, transfer is necessary "in order to eliminate duplicative discovery; prevent inconsistent rulings on pretrial motions, including those with respect to whether the actions should proceed as [class actions] . . . ." *In re Starmed Health Personnel, Inc. Fair Labor Standards Act Litig.*, 317 F. Supp. 2d 1380, 1381 (J.P.M.L. 2004); *see also In re Comp. of Managerial Prof'l and Tech. Employees Antitrust Litig.*, 206 F. Supp. 2d 1374, 1375 (J.P.M.L. 2002) (noting that centralization is "necessary in order to... prevent inconsistent pretrial rulings (especially with regard to class certification issues")).

The requirements for transfer under section 1407 are easily satisfied here.  As discussed above, each of these pending cases (i) purport to represent a large class of individuals and/or entities who were damaged by defective and deadly pet food marketed, manufactured and/or distributed by the Defendants, (ii) assert the same or similar claims against the Defendants, and (iii) seek to recover

losses based upon those damages caused by the Defendants. To separately litigate each pending case (and subsequently filed related cases) would waste resources and present the danger of inconsistent pretrial rulings. Consolidation of these cases is particularly critical because these related actions seek class action status on behalf of the same class or overlapping classes and, as a result, there is a significant potential for conflicting or inconsistent rulings on class certification issues. Accordingly, centralization and consolidation pursuant to 28 U.S.C. § 1407 is warranted.

The consolidation and transfer of these cases would further promote the efficient adjudication of these actions. As the class actions alleged in these related cases are similar if not identical, the discovery needed in each of these pending cases will unquestionably be duplicative. To have the parties engaged in duplicative discovery in multiple complex class actions would be singularly inefficient and an unnecessary burden on the judicial system and the parties. These factors again all weigh heavily in favor of consolidating and coordinating these cases.

**B.    The Southern District of Florida Is the Proper Forum for These Coordinated Proceedings**

Numerous factors may be considered by the Panel in determining the most appropriate transferee forum, including "convenience of the parties and witnesses." *See In re Computervision Corp. Sec. Litig.*, 814 F. Supp. 85, 86 (J.P.M.L. 1993). Here, the balance of relevant factors weighs strongly in favor of transferring these actions to the Southern District of Florida due to its convenient location, large concentration of putative class members, experience in handling MDL proceedings, and lack of pending MDL cases.

**1.    The Southern District of Florida Is as Appropriate as Any Other Forum for the Parties and Witnesses**

The convenience of the parties and witnesses is a critical factor in determining to which district related actions should be transferred. *See* 28 U.S.C. § 1407(a) (related actions may be transferred to a district for coordinated proceedings upon a determination that the transfer "will be

for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions"). In deciding whether a particular forum is convenient, the Panel examines factors such as: where the first filed and most advanced cases are pending; the location of the parties, documents and potential witnesses relative to that district; and the location where the majority of actions have been brought. *See In re Baldwin-United Corp. Litig.*, 581 F. Supp. 739, 740 (J.P.M.L. 1984).

The Defendants in the multiple class actions are a Canadian business entity and its United States subsidiaries and/or affiliates, as well as certain other Defendant-distributors of the defective products. Each of these entities is headquartered and/or incorporated in different jurisdictions, including Canada, New Jersey, and Delaware. Of the seven lawsuits currently pending, one is pending in the Western District of Washington, one is pending in the Eastern District of Tennessee, one is pending in the Northern District of Illinois, two are pending in the Western District of Arkansas, on is pending in the District Court for the District of New Jersey, and one is pending in the Southern District of Florida. Further, upon information and belief, Defendants conduct business, and potentially have caused damages to purported class members, in all fifty states. Thus, there is no central forum that would be more convenient over any others in terms of the locations of parties, documents, and potential witnesses.

### 2. The Accessibility of the Southern District of Florida Warrants Transfer

While there will be a large number of class members residing in Florida, Troiano anticipates that parties to this litigation will come from all across the country and not one centralized region. Those parties residing outside of Florida will find the courthouses in the Southern District of Florida convenient and accessible by all forms of transportation. The multiple federal courthouses in the Southern District of Florida – in, among other place, Miami, Fort Lauderdale and West Palm Beach – are all in very close proximity to airports that have direct flights on many airlines to

numerous cities across the United States. Traveling from the airport to the courthouse is also simple due to the varieties of ground transportation available. *See In re Comp. of Managerial, Prof'l and Tech. Employees Antitrust Litig.*, 206 F. Supp. 2d at 1375 (transferring cases to the District of New Jersey and noting that the District of New Jersey is an "accessible" metropolitan location that is geographically convenient for litigants and counsel). On balance, the accessibility factor favors transfer of the related actions in the Southern District of Florida.

### 3.     The Southern District of Florida Has the Capacity and Expertise to Handle these Related Cases

A comparison of the relative MDL case loads of potential transferee districts demonstrates that the Southern District of Florida is a highly suitable forum. The judges of the Southern District of Florida have vast experience in Multidistrict litigation, having brought to termination a total of 24 cases through September 30, 2006.[1] Yet, as of March 26, 2007, the Southern District of Florida only had only one pending MDL proceeding, which is nearly in an inactive stage. Thus, while the Southern District of Florida is well versed in the nuances of Multidistrict litigation, the Southern District would not be overburdened with similar cases if these actions were transferred there.

### C.     No Party Is Prejudiced by the Transfer and Consolidation of These Lawsuits

Each of the related lawsuits is in its infancy. To Movant's knowledge, no party has served discovery, filed disclosures or engaged in substantive motion practice regarding these lawsuits. Because these related cases are all in their early stages, no party will be prejudiced by the transfer to the Southern District of Florida. Furthermore, since no discovery has occurred, an Order transferring

---

[1]     Multidistrict Litigation Terminated Through September 30, 2006, available at *http://www. jpml.uscourts.gov/Statistics/TerminatedDocketsThroughSeptember2006.pdf*, viewed on March 26, 2007.

these cases to the Southern District of Florida can truly eliminate the expenses associated with the duplicative discovery that would otherwise occur in District Courts across the country.

## IV.    CONCLUSION

For the reasons discussed above, the Plaintiff respectfully request that the related actions identified on the accompanying Schedule of Actions, and any tag-along actions, be transferred to and consolidated in the Southern District of Florida.  Accordingly, the Plaintiff respectfully request that this Panel enter an Order transferring the related actions, and any future related actions, to the Southern District of Florida.

Respectfully submitted,

DATED:  March 2 8 , 2007

LERACH COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
PAUL J. GELLER
Florida Bar No. 984795
*pgeller@lerachlaw.com*
STUART A. DAVIDSON
Florida Bar No. 84824
*sdavidson@lerachlaw.com*
JAMES L. DAVIDSON
Florida Bar No. 723371
*jdavidson@lerachlaw.com*

For

STUART A. DAVIDSON

120 E. Palmetto Park Road, Suite 500
Boca Raton, FL  33432-4809
Telephone:  561/750-3000
561/750-3364 (fax)

KOPELMAN & BLANKMAN
LAWRENCE KOPELMAN
Florida Bar No. 288845
*lmk@kopelblank.com*
350 E. Las Olas Blvd., Suite 980
Ft. Lauderdale, FL  33301
Telephone: 954/462-6855
954/462-6899 (fax)

**Attorneys for Florida Plaintiff Christina
Troiano**

G:\jdavidson\Menu Foods\Pleadings\MEM Support MDL Motion (final).doc

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 3 0 2007

FILED
CLERK'S OFFICE

**BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

In re:

MENU FOODS, INC. PRODUCTS                    MDL Docket No. _____
LIABILITY LITIGATION
_____/

**SCHEDULE OF ACTIONS IN SUPPORT OF FLORIDA PLAINTIFF CHRISTINA
TROIANO'S MOTION TO TRANSFER AND COORDINATE OR CONSOLIDATE
ACTIONS UNDER 28 U.S.C. § 1407**

Paul J. Geller
Stuart A. Davidson
James L. Davidson
**LERACH COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP**
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL  33432-4809
Telephone: (561) 750-3000
Facsimile:  (561) 750-3364

*Counsel for Florida Plaintiff Christina Troiano*

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

2007 MAR 29  A 10: 30

RECEIVED
CLERK'S OFFICE

## SCHEDULE OF ACTIONS

| Case Caption | Date Filed | Court | Civil Action No. | Judge |
|---|---|---|---|---|
| **Plaintiffs:** Tom Whaley **Defendants:** Menu Foods, The Iams Company, Dog Food Producers Number 1-50, Cat Food Producers 1-40 | March 19, 2007 | W.D. Washington | 2:07-cv-00411 | Ricardo S. Martinez |
| **Plaintiffs:** Lizajean Holt **Defendants:** Menu Foods, Inc. | March 19, 2007 | E.D. Tennessee | 3:07-cv-00094 | Thomas W. Phillips |
| **Plaintiffs:** Dawn Majerczyk **Defendants:** Menu Foods, Inc. | March 20, 2007 | N.D. Illinois | 1:07-cv-01543 | Wayne R. Anderson |
| **Plaintiffs:** Charles Ray Sims, Pamela Sims **Defendants:** Menu Foods Income Fund, Menu Foods Midwest Corporation, Menu Foods South Dakota Inc., Menu Foods, Inc., Menu Foods Holdings, Inc. | March 21, 2007 | W.D. Arkansas | 5:07-cv-05053 | Jimm Larry Hendren |
| **Plaintiffs:** Richard Scott Widen, Barbara Widen **Defendants:** Menu Foods, Menu Foods Income Fund, Menu Foods General Partnership Limited, Menu Foods Limited | March 23, 2007 | W.D. Arkansas | 5:07-cv-05055 | Robert T. Dawson |

2

| | | | | |
|---|---|---|---|---|
| Partnership, Menu Foods Operating Partnership, Menu Foods Midwest | | | | |
| **Plaintiffs:** Jared Workman, Mark Cohen, Mona Cohen **Defendants:** Menu Foods Limited, Menu Foods Inc., Menu Foods Midwest Corporation | March 23, 2007 | D. New Jersey | 2:07-cv-00411 | Noel L. Hillman |
| **Plaintiffs:** Christina Troiano **Defendants:** Menu Foods Limited, Menu Foods Inc., Menu Foods Midwest Corporation | March 26, 2007 | S.D. Florida | 0:07-cv-60428 | James I. Cohn |

3

DATED: March 28, 2007

LERACH COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
PAUL J. GELLER
Florida Bar No. 984795
*pgeller@lerachlaw.com*
STUART A. DAVIDSON
Florida Bar No. 84824
*sdavidson@lerachlaw.com*
JAMES L. DAVIDSON
Florida Bar No. 723371
*jdavidson@lerachlaw.com*

                                               For
_____
         STUART A. DAVIDSON

120 E. Palmetto Park Road, Suite 500
Boca Raton, FL  33432-4809
Telephone:  561/750-3000
561/750-3364 (fax)


KOPELMAN & BLANKMAN
LAWRENCE KOPELMAN
Florida Bar No. 288845
*lmk@kopelblank.com*
350 E. Las Olas Blvd., Suite 980
Ft. Lauderdale, FL  33301
Telephone: 954/462-6855
954/462-6899 (fax)

**Attorneys for Florida Plaintiff Christina
Troiano**

G:\jdavidson\Menu Foods\Pleadings\MDL Motion for Transfer Schedule.doc



JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR 3 0 2007

FILED
CLERK'S OFFICE

# BEFORE THE JUDICIAL PANEL ON
# MULTIDISTRICT LITIGATION

In re:

MENU FOODS PET FOOD LITIGATION             MDL Docket No. _____

_____/

## CERTIFICATE OF SERVICE

Paul J. Geller
Stuart A. Davidson
James L. Davidson
**LERACH COUGHLIN STOIA GELLER**
**RUDMAN & ROBBINS LLP**
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Telephone: (561) 750-3000
Facsimile: (561) 750-3364

***Counsel for Florida Plaintiff Christina Troiano***

2007 MAR 29 A 10: 30
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
RECEIVED
CLERK'S OFFICE

I, James L. Davidson, hereby declare as follows:

I am employed by Lerach Coughlin Stoia Geller Rudman & Robbins LLP, 120 E. Palmetto Park Road, Suite 500, Boca Raton, Florida 33432. I am over the age of eighteen years and not a party to this action. On March 28, 2007, I served the following documents:

1.  **FLORIDA PLAINTIFF CHRISTINA TROIANO'S MOTION TO TRANSFER AND COORDINATE OR CONSOLIDATE ACTIONS UNDER 28 U.S.C. § 1407;**

2.  **FLORIDA PLAINTIFF CHRISTINA TROIANO'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER AND COORDINATE OR CONSOLIDATE ACTIONS UNDER 28 U.S.C. § 1407;**

3.  **SCHEDULE OF ACTIONS IN SUPPORT OF FLORIDA PLAINTIFF CHRISTINA TROIANO'S MOTION TO TRANSFER AND COORDINATE OR CONSOLIDATE ACTIONS UNDER 28 U.S.C. § 1407; and**

4.  **CERTIFICATE OF SERVICE.**

on:

**SEE ATTACHED SERVICE LIST "A"**

__X__   by placing the document(s) listed above for collection and mailing following the firm's ordinary business practices in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Boca Raton, Florida addressed as set forth on the attached service list.

I further certify and declare that I caused the above documents to be delivered by the same means to the clerks of the following courts affected by the Motion for Transfer and Consolidation:

**SEE ATTACHED SERVICE LIST "B"**

I declare under penalty of perjury under the laws of the United States of America that the following is true and correct, executed this __28__ day of March, 2007, at Boca Raton, Florida.

James L. Davidson

## IN RE MENU FOODS PET FOOD LITIGATION

### SERVICE LIST "A"

| | |
|---|---|
| Paul J. Geller<br>Stuart A. Davidson<br>James L. Davidson<br>**LERACH COUGHLIN STOIA GELLER<br>   RUDMAN & ROBBINS LLP**<br>120 E. Palmetto Park Road, Suite 500<br>Boca Raton, FL 33432-4809<br>Telephone: (561) 750-3000<br>Facsimile: (561) 750-3364<br>***Attorneys for Florida Plaintiff Christina Troiano***<br><br>Lawrence Kopelman<br>**KOPELMAN & BLANKMAN**<br>350 E. Las Olas Blvd., Suite 980<br>Ft. Lauderdale, FL 33301<br>Telephone: (954) 462-6855<br>Facsimile: (954) 462-6899<br>***Attorneys for Florida Plaintiff Christina Troiano*** | Menu Foods, Inc.<br>9130 Griffith Morgan Lane<br>Pennsauken, NJ 08110<br>*Defendant*<br><br>Menu Foods Income Fund<br>8 Falconer Drive<br>Streetsville, Ontario<br>Canada L5N 1B1<br>*Defendant* |

WHALEY v. MENU FOODS, ET AL.
Case No.: 2:07-cv-00411-RSM
USDC, Western District of Washington

| | |
|---|---|
| Michael David Myers<br>**MYERS & COMPANY, P.L.L.C.**<br>1809 Seventh Avenue, Suite 700<br>Seattle, WA 98101<br>Telephone: (206) 398-1188<br>Facsimile: (206) 400-1112<br>***Attorneys for Plaintiff Tom Whaley*** | Menu Foods<br>8 Falconer Drive<br>Streetsville, Ontario<br>Canada L5N 1B1<br>*Defendant*<br><br>The Iams Company<br>c/o Registered Agent - Joseph A. Stegbauer<br>Attn: Corporate Secretary<br>One Procter & Gamble Plaza C-2<br>Cincinnati, OH 45202<br>*Defendant* |

HOLT v. MENU FOODS, INC.
Case No.: 3:07-cv-00094
USDC, Eastern District of Tennessee

| | |
|---|---|
| A. James Andrews<br>905 Locust Street<br>Knoxville, TN 37902<br>Telephone: (865) 660-3993<br>Facsimile: (865) 523-4623<br>***Attorneys for Plaintiff Lizajean Holt*** | Menu Foods, Inc.<br>9130 Griffith Morgan Lane<br>Pennsauken, NJ 08110<br>*Defendant* |

| | |
|---|---|
| Nicole Bass<br>905 Locust Street<br>Knoxville, TN 37902<br>Telephone: (865) 310-6804<br>***Attorneys for Plaintiff Lizajean Holt***<br><br>Perry A. Craft<br>**CRAFT & SHEPPARD, PLC**<br>214 Centerview Drive, Suite 233<br>Brentwood, TN 37027<br>Telephone: (615) 309-1707<br>Facsimile: (615) 309-1717<br>***Attorneys for Plaintiff Lizajean Holt*** | |

MAJERCZYK v. MENU FOODS, INC.
Case No.: 1:07-cv-01543
USDC, Northern District of Illinois

| | |
|---|---|
| John Blim<br>Jay Edelson<br>Myles McGuire (Of Counsel)<br>**BLIM & EDELSON, LLC**<br>53 West Jackson Blvd., Suite 1642<br>Chicago, IL 60604<br>Telephone: (312) 913-9400<br>Facsimile: (312) 913-9401<br>***Attorneys for Plaintiff Dawn Majerczyk*** | Menu Foods, Inc.<br>9130 Griffith Morgan Lane<br>Pennsauken, NJ 08110<br>*Defendant* |

SIMS v. MENU FOODS INCOME FUND, ET AL.
Case No.: 5:07-cv-05053-JLH
USDC, Western District of Arkansas

| | |
|---|---|
| Jason M. Hatfield<br>**LUNDY & DAVIS, L.L.P.**<br>300 N. College Avenue, Suite 309<br>Fayetteville, AR 72701<br>Telephone: (479) 527-3921<br>Facsimile: (479) 587-9196<br>***Attorneys for Plaintiffs Charles Ray Sims<br>and Pamela Sims*** | Menu Foods Income Fund<br>8 Falconer Drive<br>Streetsville, Ontario<br>Canada L5N 1B1<br>*Defendant*<br><br>Menu Foods Midwest Corporation<br>c/o Registered Agent - The Corporation Trust Co.<br>1209 Orange Street<br>Wilmington, DE 19801-1120<br>*Defendant*<br><br>Menu Foods South Dakota, Inc.<br>c/o Registered Agent<br>The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE 19801-1120<br>*Defendant* |

|  | Menu Foods Holdings, Inc.<br>c/o Registered Agent<br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801-1120<br>*Defendant*<br><br>Menu Foods, Inc.<br>c/o Registered Agent<br>Corporation Trust Company<br>820 Bear Tavern Road<br>West Trenton, NJ 08628<br>*Defendant* |
|---|---|

WIDEN v. MENU FOODS, ET AL.
Case No.: 5:07-cv-05055-RTD
USDC, Western District of Arkansas

| Jeremy Y. Hutchinson<br>Jack Thomas Patterson II<br>**PATTON, ROBERTS, MCWILLIAMS<br>& CAPSHAW, L.L.P.**<br>Stephens Building<br>111 Center Street, Suite 1315<br>Little Rock, AR 72201<br>Telephone: (501) 372-3480<br>Facsimile: (501) 372-3488<br>*Attorneys for Plaintiffs Richard Scott Widen<br>and Barbara Widen*<br><br>Richard Adams<br>James C. Wyly<br>Sean F. Rommel<br>**PATTON, ROBERTS, MCWILLIAMS<br>& CAPSHAW, L.L.P.**<br>Century Bank Plaza, Suite 400<br>P.O. Box 6128<br>Texarkana, TX 75505-6128<br>Telephone: (903) 334-7000<br>Facsimile: (903) 334-7007<br>*Attorneys for Plaintiffs Richard Scott Widen<br>and Barbara Widen* | Menu Foods<br>9130 Griffith Morgan Lane<br>Pennsauken, NJ 08110<br>*Defendant*<br><br>Menu Foods Income Fund<br>8 Falconer Drive<br>Streetsville, Ontario<br>Canada L5N 1B1<br>*Defendant*<br><br>Menu Foods Gen Par Limited<br>c/o Menu Foods Income Fund<br>8 Falconer Drive<br>Streetsville, Ontario<br>Canada L5N 1B1<br>*Defendant*<br><br>Menu Foods Limited Partnership<br>c/o Menu Foods Income Fund<br>8 Falconer Drive<br>Streetsville, Ontario<br>Canada L5N 1B1<br>*Defendant*<br><br>Menu Foods Operating Partnership<br>c/o Menu Foods Income Fund<br>8 Falconer Drive<br>Streetsville, Ontario<br>Canada L5N 1B1<br>*Defendant* |
|---|---|

| | |
|---|---|
| | Menu Foods Midwest Corporation<br>c/o Registered Agent<br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE  19801-1120<br>*Defendant*<br><br>Menu Foods South Dakota<br>c/o Registered Agent<br>The Corporation Trust Company<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE  19801-1120<br>*Defendant*<br><br>Menu Foods, Inc.<br>c/o Registered Agent<br>Corporation Trust Company<br>820 Bear Tavern Road<br>West Trenton, NJ  08628<br>*Defendant*<br><br>Menu Foods Holdings, Inc.<br>c/o Registered Agent<br>The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE  19801-1120<br>*Defendant*<br><br>Wal-Mart Stores, Inc.<br>c/o Registered Agent<br>The Corporation Trust Company<br>1209 Orange Street<br>Wilmington, DE  19801-1120<br>*Defendant* |

WORKMAN, ET AL. v. MENU FOODS LIMITED, ET AL.
Case No.: 1:07-cv-01338-NLH-AMD
USDC, District of New Jersey

| | |
|---|---|
| Donna Siegel Moffa<br>Lisa J. Rodriguez<br>**TRUJILLO RODRIGUEZ & RICHARDS, LLC**<br>8 Kings Highway West<br>Haddonfield, NJ  08033<br>Telephone: (856) 795-9002<br>Facsimile:  (856) 795-9887<br>*Attorneys for Plaintiffs Jared Workman, and*<br>*Mark and Mona Cohen* | Menu Foods Limited<br>8 Falconer Drive<br>Streetsville, Ontario<br>Canada L5N 1B1<br>*Defendant*<br><br>Menu Foods, Inc.<br>9310 Griffith Morgan Lane<br>Pennsauken, NJ  08110<br>*Defendant* |

| | |
|---|---|
| Robert A. Rovner<br>Jeffrey I. Zimmerman<br>**ROVNER, ALLEN, ROVNER, ZIMMERMAN<br>  & NASH**<br>175 Bustleton Pike<br>Feasterville, PA  19053-6456<br>Telephone: (215) 698-1800<br>*Attorneys for Plaintiffs Jared Workman, and<br>Mark and Mona Cohen*<br><br>Sherrie R. Savett<br>Michael T. Fantini<br>Russell D. Paul<br>**BERGER & MONTAGUE, P.C.**<br>1622 Locust Street<br>Philadelphia, PA  19103<br>Telephone: (215) 875-3000<br>*Attorneys for Plaintiffs Jared Workman, and<br>Mark and Mona Cohen* | Menu Foods Midwest Corporation<br>P.O. Box 1046<br>1400 East Logan Avenue<br>Emporia, KS  66801<br>*Defendant* |

## IN RE MENU FOODS PET FOOD LITIGATION

### SERVICE LIST "B"

| CASE | CLERK |
|------|-------|
| Whaley v. Menu Foods, et al.<br>Case No.: 2:07-cv-00411-RSM<br>USDC, Western District of Washington | USDC, Western District of Washington<br>U.S. Courthouse<br>700 Stewart Street<br>Seattle, WA 98101 |
| Holt v. Menu Foods, Inc.<br>Case No.: 3:07-cv-00094<br>USDC, Eastern District of Tennessee | USDC, Eastern District of Tennessee<br>Howard H. Baker Jr. U.S. Courthouse<br>800 Market Street, Suite 130<br>Knoxville, TN 37902 |
| Majerczyk v. Menu Foods, Inc..<br>Case No.: 1:07-cv-01543<br>USDC, Northern District of Illinois | USDC, Northern District of Illinois<br>Everett McKinley Dirksen Building<br>219 South Dearborn Street<br>Chicago, IL 60604 |
| Sims v. Menu Foods Income Fund, et al.<br>Case No.: 5:07-cv-05053-JLH<br>USDC, Western District of Arkansas | USDC, Western District of Arkansas<br>John Paul Hammerschmidt Federal Building<br>35 East Mountain Street, Suite 510<br>Fayetteville, AR 72701-5354 |
| Widen v. Menu Foods, et al.<br>Case No.: 5:07-cv-05055-RTD<br>USDC, Western District of Arkansas | USDC, Western District of Arkansas<br>John Paul Hammerschmidt Federal Building<br>35 East Mountain Street, Suite 510<br>Fayetteville, AR 72701-5354 |
| Workman, et al. v. Menu Foods Limited, et al.<br>Case No.: 1:07-cv-01338-NLH-AMD<br>USDC, District of New Jersey | USDC, District of New Jersey<br>Mitchell H. Cohen Building & U.S. Courthouse<br>4th & Cooper Streets, Room 1050<br>Camden, NJ 08101 |

G:\jdavidson\Menu Foods\Pleadings\CERT Service MDL Motion for Transfer.doc

# EXHIBIT A

# DISTRIBUTION OF PENDING MDL DOCKETS
(AS OF MARCH 12, 2007)

| District | JUDGE | LITIGATION | Actions Pending | Total Number of Actions |
|---|---|---|---|---|
| ARE | D.J. William R. Wilson, Jr. | MDL-1507 In re Prempro Products Liability Litigation | 3,377 | 4,027 |
| AZ | Sr.J. Paul G. Rosenblatt | MDL-1541 In re Allstate Insurance Co. Fair Labor Standards Act Litigation | 4 | 5 |
| | Sr.J. Roger G. Strand | MDL-972 In re Diamond Benefits Life Insurance Company & American Universal Insurance Company Contracts Litigation | 1 | 10 |
| CAC | D.J. David O. Carter | MDL-1807 In re Wachovia Securities, LLC, Wage and Hour Litigation | 19 | 19 |
| | D.J. Dale S. Fischer | MDL-1822 In re Bluetooth Headset Products Liability Litigation | 14 | 14 |
| | D.J. A. Howard Matz | MDL-1610 In re Conseco Life Insurance Co. Cost of Insurance Litigation | 19 | 21 |
| | Sr.J. Mariana R. Pfaelzer | MDL-1574 In re Paxil Products Liability Litigation | 39 | 148 |
| | D.J. Manuel L. Real | MDL-1601 In re StarMed Health Personnel, Inc., Fair Labor Standards Act Litigation | 3 | 6 |
| | D.J. Manuel L. Real | MDL-1737 In re American Honda Motor Co., Inc., Oil Filter Products Liability Litigation | 5 | 5 |
| | D.J. Christina A. Snyder | MDL-1671 In re Reformulated Gasoline (RFG) Antitrust & Patent Litigation | 11 | 12 |
| | C.J. Alicemarie H. Stotler | MDL-1803 In re Banc of America Investment Services, Inc, Overtime Pay Litigation | 5 | 5 |
| | Sr.J. Dickran M. Tevrizian, Jr. | MDL-1475 In re Heritage Bonds Litigation | 2 | 9 |
| | D.J. Stephen V. Wilson | MDL-1745 In re Live Concert Antitrust Litigation | 22 | 22 |
| CAN | D.J. Saundra Brown Armstrong | MDL-1781 In re Cintas Corp. Overtime Pay Arbitration Litigation | 71 | 71 |
| | D.J. Saundra Brown Armstrong | MDL-1809 In re Terminix Employment Practices Litigation | 2 | 2 |
| | D.J. Charles R. Breyer | MDL-1699 In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation | 1,520 | 1,704 |
| | D.J. Charles R. Breyer | MDL-1793 In re International Air Transportation Surcharge Antitrust Litigation | 100 | 101 |
| | D.J. Jeremy D. Fogel | MDL-1257 In re Cable News Network and Time Magazine "Operation Tailwind" Litigation | 1 | 8 |
| | D.J. Jeremy D. Fogel | MDL-1654 In re Compression Labs, Inc, Patent Litigation | 10 | 10 |
| | D.J. Phyllis J. Hamilton | MDL-1486 In re Dynamic Random Access Memory (DRAM) Antitrust Litigation | 42 | 44 |
| | D.J. Martin J. Jenkins | MDL-1648 In re Rubber Chemicals Antitrust Litigation | 10 | 13 |
| | D.J. Marilyn Hall Patel | MDL-1369 In re Napster, Inc., Copyright Litigation | 1 | 19 |
| | D.J. Marilyn Hall Patel | MDL-1770 In re Wells Fargo Home Mortgage Overtime Pay Litigation | 4 | 4 |
| | C.J. Vaughn R. Walker | MDL-1606 In re Deep Vein Thrombosis Litigation | 53 | 78 |
| | C.J. Vaughn R. Walker | MDL-1791 In re National Security Agency Telecommunications Records Litigation | 48 | 48 |
| | D.J. James Ware | MDL-1527 In re Cisco Systems, Inc., Securities & Derivative Litigation | 1 | 2 |
| | D.J. James Ware | MDL-1665 In re Acacia Media Technologies Corp. Patent Litigation | 22 | 22 |
| | D.J. Claudia Wilken | MDL-1819 In re Static Random Access Memory (SRAM) Antitrust Litigation | 25 | 25 |
| | D.J. Jeffrey S. White | MDL-1761 In re Ditropan XL Antitrust Litigation | 6 | 6 |
| | D.J. Ronald M. Whyte | MDL-1423 In re Cygnus Telecommunications Technology, LLC, Patent Litigation | 15 | 30 |
| | D.J. Ronald M. Whyte | MDL-1754 In re Apple iPod nano Products Liability Litigation | 8 | 8 |

| District | Judge | Litigation | Actions Pending | Total Number of Actions |
|---|---|---|---|---|
| CAS | D.J. Roger T. Benitez | MDL-1806  In re Morgan Stanley & Co., Inc., Overtime Pay Litigation (No. II) | 10 | 10 |
| | D.J. Napoleon A. Jones, Jr. | MDL-1296  In re Alliance Equipment Lease Program Securities Litigation | 1 | 27 |
| | D.J. Jeffrey T. Miller | MDL-1751  In re Jamster Marketing Litigation | 5 | 5 |
| | C.J. Robert H. Whaley (WAE) | MDL-1405  In re California Wholesale Electricity Antitrust Litigation | 5 | 30 |
| CO | D.J. Robert E. Blackburn | MDL-1788  In re Qwest Communications International, Inc., Securities & "ERISA" Litigation (No. II) | 30 | 30 |
| | D.J. Wiley Y. Daniel | MDL-1743  In re American Family Mutual Insurance Co. Overtime Pay Litigation | 2 | 2 |
| CT | Sr.J. Alfred V. Covello | MDL-1568  In re Parcel Tanker Shipping Services Antitrust Litigation | 7 | 18 |
| | D.J. Alvin W. Thompson | MDL-1463  In re Xerox Corp. Securities Litigation | 22 | 22 |
| | D.J. Stefan R. Underhill | MDL-1542  In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litigation | 15 | 15 |
| | D.J. Stefan R. Underhill | MDL-1631  In re Publication Paper Antitrust Litigation | 28 | 31 |
| | D.J. Stefan R. Underhill | MDL-1642  In re Polychloroprene Rubber (CR) Antitrust Litigation | 9 | 9 |
| | D.J. Stefan R. Underhill | MDL-1649  In re Helicopter Crash Near Wendle Creek, British Columbia, on August 8, 2002 | 4 | 4 |
| DC | D.J. John D. Bates | MDL-1772  In re Series 7 Broker Qualification Exam Scoring Litigation | 20 | 20 |
| | C.J. Thomas F. Hogan | MDL-1285  In re Vitamin Antitrust Litigation | 4 | 84 |
| | C.J. Thomas F. Hogan | MDL-1290  In re Lorazepam & Clorazepate Antitrust Litigation | 2 | 14 |
| | C.J. Thomas F. Hogan | MDL-1686  In re Iraq and Afghanistan Detainees Litigation | 4 | 4 |
| | D.J. Ellen Segal Huvelle | MDL-1792  In re InPhonic, Inc., Wireless Phone Rebate Litigation | 15 | 15 |
| | D.J. Name Withheld | UNDER SEAL | 2 | 30 |
| | D.J. Richard J. Leon | MDL-1515  In re Nifedipine Antitrust Litigation | 6 | 10 |
| | D.J. Richard J. Leon | MDL-1668  In re Federal National Mortgage Association Securities, Derivative & "ERISA" Litigation | 7 | 18 |
| | D.J. James Robertson | MDL-1796  In re Department of Veterans Affairs (VA) Data Theft Litigation | 3 | 3 |
| | D.J. Ricardo M. Urbina | MDL-1798  In re Long-Distance Telephone Service Federal Excise Tax Refund Litigation | 3 | 3 |
| DE | D.J. Joseph J. Farnan, Jr. | MDL-1717  In re Intel Corp. Microprocessor Antitrust Litigation | 74 | 74 |
| | D.J. Gregory M. Sleet | MDL-1660  In re PharmaStem Therapeutics, Inc., Patent Litigation | 6 | 6 |
| FLM | D.J. Henry Lee Adams, Jr. | MDL-1698  In re American General Life & Accident Insurance Co. Retiree Benefits "ERISA" Litigation | 80 | 80 |
| | D.J. Anne C. Conway | MDL-1769  In re Seroquel Products Liability Litigation | 342 | 342 |
| | D.J. James S. Moody, Jr. | MDL-1626  In re Accutane Products Liability Litigation | 24 | 29 |
| | Sr.J. Harvey E. Schlesinger | MDL-1624  In re GMAC Insurance Management Corp. Overtime Pay Litigation | 2 | 2 |
| | D.J. James D. Whittemore | MDL-1656  In re CP Ships Ltd. Securities Litigation | 7 | 7 |

| District | Judge | MDL | Litigation | Actions Pending | Total Number of Actions |
|---|---|---|---|---|---|
| FLS | D.J. Federico A. Moreno | MDL-1334 | In re Managed Care Litigation | 6 | 123 |
| GAN | D.J. Thomas W. Thrash, Jr. | MDL-1804 | In re Stand 'n Seal Products Liability Litigation | 13 | 13 |
| GAS | C.J. William T. Moore, Jr. | MDL-1677 | In re NovaStar Home Mortgage Inc. Mortgage Lending Practices Litigation | 3 | 3 |
| IAS | Sr.J. Ronald E. Longstaff | MDL-1733 | In re Teflon Products Liability Litigation | 22 | 22 |
| ILN | Sr.J. Marvin E. Aspen | MDL-1425 | In re Aimster Copyright Litigation | 11 | 11 |
|  | Sr.J. Marvin E. Aspen | MDL-1715 | In re Ameriquest Mortgage Co. Mortgage Lending Practices Litigation | 318 | 322 |
|  | D.J. Elaine E. Bucklo | MDL-1784 | In re McDonald's French Fries Litigation | 10 | 10 |
|  | D.J. David H. Coar | MDL-1536 | In re Sulfuric Acid Antitrust Litigation | 7 | 7 |
|  | D.J. David H. Coar | MDL-1783 | In re JP Morgan Chase & Co. Securities Litigation | 3 | 3 |
|  | D.J. Mark R. Filip | MDL-1818 | In re Citifinancial Services Incorporated Prescreened Offer Litigation | 5 | 5 |
|  | D.J. Robert W. Gettleman | MDL-1350 | In re Trans Union Corp. Privacy Litigation | 14 | 15 |
|  | Sr.J. John F. Grady | MDL-986 | In re "Factor VIII or IX Concentrate Blood Products" Products Liability Litigation | 103 | 356 |
|  | Sr.J. John F. Grady | MDL-1521 | In re Wireless Telephone 911 Calls Litigation | 10 | 10 |
|  | Sr.J. John F. Grady | MDL-1703 | In re Sears, Roebuck & Co. Tools Marketing and Sales Practices Litigation | 6 | 7 |
|  | Sr.J. George W. Lindberg | MDL-1773 | In re Air Crash Near Athens, Greece, on August 14, 2005 | 7 | 7 |
|  | D.J. Charles R. Norgle, Sr. | MDL-1604 | In re Ocwen Federal Bank FSB Mortgage Servicing Litigation | 64 | 65 |
|  | D.J. Amy J. St. Eve | MDL-1778 | In re Ocean Financial Corp. Prescreening Litigation | 5 | 5 |
|  | D.J. James B. Zagel | MDL-899 | In re Mortgage Escrow Deposit Litigation | 1 | 75 |
|  | D.J. James B. Zagel | MDL-1392 | In re General Motors Corporation Vehicle Paint Litigation (No. III) | 2 | 3 |
| ILS | C.J. G. Patrick Murphy | MDL-1562 | In re General Motors Corp. Dex-Cool Products Liability Litigation | 6 | 11 |
|  | C.J. G. Patrick Murphy | MDL-1748 | In re Profiler Products Liability Litigation | 4 | 4 |
| INN | D.J. Rudy J. Lozano | MDL-1767 | In re H&R Block Mortgage Corp. Prescreening Litigation | 3 | 3 |
|  | C.J. Robert L. Miller, Jr. | MDL-1700 | In re FedEx Ground Package System, Inc., Employment Practices Litigation (No. II) | 36 | 42 |
| INS | D.J. Sarah E. Barker | MDL-1373 | In re Bridgestone/Firestone, Inc., Tires Products Liability Litigation | 23 | 819 |
|  | D.J. David F. Hamilton | MDL-1313 | In re AT&T Corp. Fiber Optic Cable Installation Litigation | 35 | 35 |
|  | D.J. John D. Tinder | MDL-1727 | In re COBRA Tax Shelters Litigation | 3 | 3 |
| KS | C.J. John W. Lungstrum | MDL-1468 | In re Universal Service Fund Telephone Billing Practices Litigation | 63 | 68 |
|  | C.J. John W. Lungstrum | MDL-1616 | In re Urethane Antitrust Litigation | 30 | 30 |
|  | D.J. Kathryn H. Vratil | MDL-1721 | In re Cessna 208 Series Aircraft Products Liability Litigation | 7 | 7 |

| District | Judge | Litigation | Actions Pending | Total Number of Actions |
|---|---|---|---|---|
| LAE | D.J. Eldon E. Fallon | MDL-1355  In re Propulsid Products Liability Litigation | 362 | 474 |
| | D.J. Eldon E. Fallon | MDL-1657  In re Vioxx Marketing, Sales Practices and Products Liability Litigation | 8,538 | 8,530 |
| | D.J. Martin L.C. Feldman | MDL-1371  In re Monumental Life Insurance Company Industrial Life Insurance Litigation | 11 | 14 |
| | D.J. Martin L.C. Feldman | MDL-1390  In re Life Insurance Co. of Georgia Industrial Life Insurance Litigation | 112 | 133 |
| | D.J. Martin L.C. Feldman | MDL-1395  In re Western & Southern Life Insurance Co. Industrial Life Insurance Litigation | 7 | 8 |
| | D.J. Sarah S. Vance | MDL-1643  In re Educational Testing Service PLT 7-12 Test Scoring Litigation | 31 | 31 |
| MA | D.J. Nancy Gertner | MDL-1354  In re Citigroup, Inc., Capital Accumulation Plan Litigation | 6 | 16 |
| | D.J. Nancy Gertner | MDL-1753  In re Standard Automotive Corp. Retiree Benefits "ERISA" Litigation | 2 | 2 |
| | Sr.J. Edward F. Harrington | MDL-1143  In re Mutual Life Insurance Company of New York Premium Litigation | 3 | 23 |
| | D.J. Patti B. Saris | MDL-1456  In re Pharmaceutical Industry Average Wholesale Price Litigation | 18 | 116 |
| | D.J. Patti B. Saris | MDL-1629  In re Neurontin Marketing, Sales Practices and Products Liability Litigation | 50 | 209 |
| | D.J. Patti B. Saris | MDL-1713  In re Bank of America ATM Fee Litigation | 3 | 3 |
| | D.J. Richard G. Stearns | MDL-1430  In re Lupron Marketing and Sales Practices Litigation | 2 | 17 |
| | D.J. Joseph L. Tauro | MDL-1790  In re Volkswagen and Audi Warranty Extension Litigation | 6 | 6 |
| | D.J. Joseph L. Tauro | MDL-1820  In re Webloyalty.com, Inc., Marketing and Sales Practices Litigation | 4 | 4 |
| | D.J. Douglas P. Woodlock | MDL-1543  In re Carbon Black Antitrust Litigation | 1 | 16 |
| | D.J. Douglas P. Woodlock | MDL-1704  In re M3Power Razor System Marketing & Sales Practices Litigation | 1 | 26 |
| | D.J. Rya W. Zobel | MDL-1380  In re Xcelera.com Inc. Securities Litigation | 2 | 20 |
| | D.J. Rya W. Zobel | MDL-1461  In re Shell Oil Products Co. Dealer Franchise Litigation | 1 | 3 |
| MD | D.J. Catherine C. Blake | MDL-1421  In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation | 2 | 19 |
| | D.J. Catherine C. Blake | MDL-1539  In re Royal Ahold N.V. Securities & "ERISA" Litigation | 37 | 37 |
| | D.J. Andre M. Davis | MDL-1110  In re Second Chance Body Armor, Inc., Advertising Litigation | 2 | 9 |
| | D.J. Andre M. Davis | MDL-1518  In re Allegheny Energy, Inc., Securities Litigation | 2 | 17 |
| | C.J. Benson Everett Legg | MDL-1387  In re ProteGen Sling and Vesica System Products Liability Litigation | 8 | 584 |
| | D.J. J. Frederick Motz | MDL-1332  In re Microsoft Corp. Windows Operating Systems Antitrust Litigation | 2 | 116 |
| | D.J. J. Frederick Motz, D.J. Andre M. Davis and D.J. Catherine C. Blake | MDL-1586  In re Mutual Funds Investment Litigation | 423 | 437 |
| ME | D.J. D. Brock Hornby | MDL-1532  In re New Motor Vehicles Canadian Export Antitrust Litigation | 30 | 31 |
| MIE | C.J. Bernard A. Friedman | MDL-1718  In re Ford Motor Co. Speed Control Deactivation Switch Products Liability Litigation | 39 | 40 |
| | D.J. Gerald E. Rosen | MDL-1725  In re Delphi Corp. Securities, Derivative & "ERISA" Litigation | 24 | 25 |
| | D.J. Gerald E. Rosen | MDL-1749  In re General Motors Corp. Securities & Derivative Litigation | 5 | 5 |

| District | Judge | Litigation | MDL No. | Actions Pending | Total Number of Actions |
|---|---|---|---|---|---|
| MN | D.J. Michael J. Davis | In re Baycol Products Liability Litigation | MDL-1431 | 1,392 | 9,044 |
| | D.J. Donovan W. Frank | In re Guidant Corp. Implantable Defibrillators Products Liability Litigation | MDL-1708 | 1,200 | 1,212 |
| | Sr.J. Paul A. Magnuson | In re Monosodium Glutamate Antitrust Litigation | MDL-1328 | 1 | 14 |
| | Sr.J. Paul A. Magnuson | In re Viagra Products Liability Litigation | MDL-1724 | 65 | 70 |
| | C.J. James M. Rosenbaum | In re Medtronic, Inc., Implantable Defibrillators Products Liability Litigation | MDL-1726 | 966 | 966 |
| | D.J. John R. Tunheim | In re St. Jude Medical, Inc., Silzone Heart Valves Products Liability Litigation | MDL-1396 | 30 | 57 |
| MOE | D.J. Jean C. Hamilton | In re Air Crash Near Kirksville, Missouri, on October 19, 2004 | MDL-1702 | 6 | 11 |
| | Sr.J. Stephen N. Limbaugh | In re Express Scripts, Inc., Pharmacy Benefits Management Litigation | MDL-1672 | 9 | 12 |
| | D.J. Catherine D. Perry | In re LLRice 601 Contamination Litigation | MDL-1811 | 59 | 59 |
| | D.J. Rodney W. Sippel | In re Celexa and Lexapro Products Liability Litigation | MDL-1736 | 32 | 32 |
| MOW | D.J. Richard E. Dorr | In re H&R Block, Inc., Express IRA Marketing Litigation | MDL-1786 | 21 | 21 |
| NCE | Sr.J. W. Earl Britt | In re Exterior Insulation Finish System (EIFS) Products Liability Litigation | MDL-1132 | 1 | 109 |
| NCM | C.J. James A. Beaty, Jr. | In re Cotton Yarn Antitrust Litigation | MDL-1622 | 9 | 9 |
| NCW | C.J. Richard L. Voorhees | In re Polyester Staple Antitrust Litigation | MDL-1516 | 17 | 36 |
| NH | D.J. Paul J. Barbadoro | In re Tyco International, Ltd., Securities, Derivative and "ERISA" Litigation | MDL-1335 | 13 | 101 |
| NJ | Sr.J. Harold A. Ackerman | In re Ford Motor Co. E-350 Van Products Liability Litigation (No. II) | MDL-1687 | 5 | 5 |
| | C.J. Garrett E. Brown, Jr. | In re Compensation of Managerial, Professional and Technical Employees Antitrust Litigation | MDL-1471 | 4 | 4 |
| | C.J. Garrett E. Brown, Jr. | In re Insurance Brokerage Antitrust Litigation | MDL-1663 | 41 | 42 |
| | D.J. Stanley R. Chesler | In re Merck & Co., Inc., Securities, Derivative & "ERISA" Litigation | MDL-1658 | 2 | 35 |
| | D.J. Stanley R. Chesler | In re SFBC International, Inc., Securities & Derivative Litigation | MDL-1777 | 1 | 14 |
| | Sr.J. Dickinson R. Debevoise | In re Holocaust Era German Industry, Bank & Insurance Litigation | MDL-1337 | 2 | 59 |
| | D.J. Joseph A. Greenaway, Jr. | In re K-Dur Antitrust Litigation | MDL-1419 | 1 | 44 |
| | Sr.J. John C. Lifland | In re Gabapentin Patent Litigation | MDL-1384 | 15 | 17 |
| | Sr.J. John C. Lifland | In re Neurontin Antitrust Litigation | MDL-1479 | 22 | 22 |
| | D.J. Jose L. Linares | In re Hypodermic Products Antitrust Litigation | MDL-1730 | 7 | 8 |
| | D.J. William J. Martini | In re Human Tissue Products Liability Litigation | MDL-1763 | 136 | 136 |
| | D.J. Jerome B. Simandle | In re Electrical Carbon Products Antitrust Litigation | MDL-1514 | 1 | 25 |
| | Sr.J. William H. Walls | In re Cendant Corporation Securities Litigation | MDL-1292 | 3 | 18 |
| | D.J. Susan D. Wigenton | In re IDT Corp. Calling Card Terms Litigation | MDL-1550 | 4 | 5 |
| | D.J. Freda L. Wolfson | In re Vonage Initial Public Offering (IPO) Securities Litigation | MDL-1799 | 15 | 15 |

| District | Judge | LITIGATION | Actions Pending | Total Number of Actions |
|---|---|---|---|---|
| NV | D.J. Kent J. Dawson | MDL-1619  In re Musha Cay Litigation | 3 | 3 |
| | St.J. Lloyd D. George | MDL-1357  In re NOS Communications, Inc., Billing Practices Litigation | 7 | 8 |
| | C.J. Philip M. Pro | MDL-1566  In re Western States Wholesale Natural Gas Antitrust Litigation | 3 | 30 |
| | C.J. Philip M. Pro | MDL-1735  In re Wal-Mart Wage and Hour Employment Practices Litigation | 23 | 25 |
| NYE | D.J. Carol Bagley Amon | MDL-1775  In re Air Cargo Shipping Services Antitrust Litigation | 82 | 82 |
| | D.J. Raymond J. Dearie | MDL-1613  In re Nigeria Charter Flights Contract Litigation | 13 | 14 |
| | D.J. John Gleeson | MDL-1575  In re Visa/MasterCard Antitrust Litigation | 6 | 8 |
| | D.J. John Gleeson | MDL-1720  In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation | 51 | 51 |
| | St.J. Thomas C. Platt, Jr. | MDL-799  In re Air Disaster at Lockerbie, Scotland, on December 21, 1988 | 37 | 297 |
| | St.J. Charles P. Sifton | MDL-1689  In re Air Crash Near Woodbury, Connecticut, on December 20, 2002 | 8 | 8 |
| | St.J. David G. Trager | MDL-1738  In re Vitamin C Antitrust Litigation | 10 | 10 |
| | St.J. Jack B. Weinstein | MDL-381  In re "Agent Orange" Products Liability Litigation | 4 | 627 |
| | St.J. Jack B. Weinstein | MDL-1596  In re Zyprexa Products Liability Litigation | 1,720 | 1,722 |

| District | Judge | | Litigation | Actions Pending | Total Number of Actions |
|---|---|---|---|---|---|
| NYS | Sr.J. Harold Baer, Jr. | MDL-1661 | In re Rivastigmine Patent Litigation | 4 | 5 |
| | D.J. Deborah A. Batts | MDL-1714 | In re Rhodia S.A. Securities Litigation | 4 | 4 |
| | D.J. Richard A. Berman | MDL-1628 | In re Pineapple Antitrust Litigation | 6 | 10 |
| | D.J. Charles L. Brieant | MDL-1368 | In re High Pressure Laminate Antitrust Litigation | 12 | 37 |
| | D.J. Charles L. Brieant | MDL-1508 | In re Medco Health Solutions, Inc., Pharmacy Benefits Management Litigation | 6 | 18 |
| | D.J. Richard C. Casey | MDL-1570 | In re Terrorist Attacks on September 11, 2001 | 22 | 23 |
| | D.J. Denise Cote | MDL-1487 | In re WorldCom, Inc., Securities & "ERISA" Litigation | 28 | 177 |
| | D.J. Paul A. Crotty | MDL-1794 | In re Novartis Wage and Hour Litigation | 2 | 2 |
| | D.J. George B. Daniels | MDL-1379 | In re Literary Works in Electronic Databases Copyright Litigation | 2 | 5 |
| | Sr.J. Kevin Thomas Duffy | MDL-1443 | In re America Online, Inc., Community Leaders Litigation | 3 | 3 |
| | Sr.J. Thomas P. Griesa | MDL-1336 | In re Abercrombie & Fitch Co. Securities Litigation | 20 | 20 |
| | Sr.J. Thomas P. Griesa | MDL-1644 | In re Elevator and Escalator Antitrust Litigation | 4 | 25 |
| | D.J. Alvin K. Hellerstein | MDL-1230 | In re Philip Services Corporation Securities Litigation | 1 | 24 |
| | D.J. Richard J. Holwell | MDL-1771 | In re "A Million Little Pieces" Litigation | 11 | 11 |
| | D.J. Barbara S. Jones | MDL-1291 | In re Omeprazole Patent Litigation | 6 | 22 |
| | D.J. Lewis A. Kaplan | MDL-1348 | In re Rezulin Products Liability Litigation | 991 | 1,865 |
| | D.J. Lewis A. Kaplan | MDL-1653 | In re Parmalat Securities Litigation | 16 | 16 |
| | Sr.J. John F. Keenan | MDL-1484 | In re Merrill Lynch & Co., Inc., Research Reports Securities Litigation | 22 | 176 |
| | Sr.J. John F. Keenan | MDL-1789 | In re Fosamax Products Liability Litigation | 108 | 108 |
| | Sr.J. Shirley Wohl Kram | MDL-1495 | In re Enterprise Mortgage Acceptance Co., LLC, Securities Litigation | 2 | 13 |
| | Sr.J. Shirley Wohl Kram | MDL-1500 | In re AOL Time Warner Inc. Securities & "ERISA" Litigation | 57 | 72 |
| | Sr.J. Shirley Wohl Kram | MDL-1739 | In re Grand Theft Auto Video Game Consumer Litigation (No. II) | 7 | 7 |
| | Sr.J. Shirley Wohl Kram | MDL-1744 | In re Marsh & McLennan Companies, Inc., Securities Litigation | 10 | 10 |
| | D.J. Gerard E. Lynch | MDL-1472 | In re Global Crossing Ltd. Securities and "ERISA" Litigation | 5 | 89 |
| | D.J. Gerard E. Lynch | MDL-1630 | In re Global Crossing Limited Securities Litigation | 1 | 9 |
| | Sr.J. Lawrence M. McKenna | MDL-1529 | In re Adelphia Communications Corp. Securities & Derivative Litigation (No. II) | 71 | 71 |
| | D.J. Colleen McMahon | MDL-1695 | In re Veeco Instruments Inc. Securities Litigation | 13 | 13 |
| | D.J. Colleen McMahon | MDL-1755 | In re Bayou Hedge Funds Investment Litigation | 7 | 7 |
| | Sr.J. Richard Owen | MDL-1688 | In re Pfizer Inc. Securities, Derivative & "ERISA" Litigation | 30 | 30 |
| | Sr.J. Richard Owen | MDL-1706 | In re Doral Financial Corp. Securities Litigation | 24 | 24 |
| | D.J. William H. Pauley III | MDL-1409 | In re Currency Conversion Fee Antitrust Litigation | 5 | 34 |
| | D.J. Loretta A. Preska | MDL-1659 | In re Nortel Networks Corp. Securities Litigation | 28 | 29 |
| | D.J. Loretta A. Preska | MDL-1780 | In re Digital Music Antitrust Litigation | 30 | 30 |
| | D.J. Jed S. Rakoff | MDL-1598 | In re Ephedra Products Liability Litigation | 625 | 840 |

| District | Judge | Litigation | Actions Pending | Total Number of Actions |
|---|---|---|---|---|
| NYS (cont.) | D.J. Jed S. Rakoff | MDL-1740  In re Canon U.S.A., Inc., Digital Cameras Products Liability Litigation | 3 | 4 |
| | D.J. Shira Ann Scheindlin | MDL-1358  In re Methyl Tertiary Butyl Ether ("MTBE") Products Liability Litigation | 147 | 159 |
| | D.J. Shira Ann Scheindlin | MDL-1428  In re Ski Train Fire in Kaprun, Austria, on November 11, 2000 | 14 | 27 |
| | D.J. Shira Ann Scheindlin | MDL-1554  In re Initial Public Offering (IPO) Securities Litigation | 393 | 511 |
| | Sr.J. John E. Sprizzo | MDL-1153  In re Bennett Funding Group, Inc., Securities Litigation (No. II) | 29 | 66 |
| | Sr.J. John E. Sprizzo | MDL-1499  In re South African Apartheid Litigation | 13 | 14 |
| | Sr.J. John E. Sprizzo | MDL-1584  In re Federal Home Loan Mortgage Corp. Securities & Derivative Litigation (No. II) | 6 | 8 |
| | D.J. Sidney H. Stein | MDL-1603  In re OxyContin Antitrust Litigation | 58 | 58 |
| | D.J. Sidney H. Stein | MDL-1696  In re Sierra Wireless, Inc., Securities Litigation | 9 | 9 |
| | Sr.J. Robert W. Sweet and | MDL-1448  In re Air Crash at Belle Harbor, New York, on November 12, 2001 | 344 | 365 |
| | Sr.J. John F. Keenan* | | | |
| | | * Judge Keenan is assigned to actions in which Judge Sweet is recused. | | |
| OHN | D.J. Peter C. Economus | MDL-1561  In re Travel Agent Commission Antitrust Litigation | 2 | 3 |
| | D.J. James S. Gwin | MDL-1481  In re Meridia Products Liability Litigation | 2 | 125 |
| | Sr.J. David A. Katz | MDL-1742  In re Ortho Evra Products Liability Litigation | 507 | 515 |
| | D.J. Donald C. Nugent | MDL-1488  In re Ford Motor Co. Panther Platform/Fuel Tank Design Products Liability Litigation | 4 | 31 |
| | D.J. Kathleen McDonald O'Malley | MDL-1401  In re Sulzer Orthopedics Inc. Hip Prosthesis and Knee Prosthesis Products Liability Litigation | 4 | 434 |
| | D.J. Kathleen McDonald O'Malley | MDL-1490  In re Commercial Money Center, Inc., Equipment Lease Litigation | 34 | 38 |
| | D.J. Kathleen McDonald O'Malley | MDL-1535  In re Welding Fume Products Liability Litigation | 4,186 | 11,436 |
| OHS | D.J. Gregory L. Frost | MDL-1638  In re Foundry Resins Antitrust Litigation | 14 | 19 |
| | Sr.J. James L. Graham | MDL-1565  In re National Century Financial Enterprises, Inc., Investment Litigation | 21 | 22 |
| | D.J. Edmund A. Sargus, Jr. | MDL-1315  In re SmarTalk TeleServices, Inc., Securities Litigation | 21 | 21 |
| OKW | D.J. Stephen P. Friot | MDL-1564  In re Farmers Insurance Co., Inc., FCRA Litigation | 9 | 12 |
| OR | Sr.J. Robert E. Jones | MDL-1439  In re Farmers Insurance Exchange Claims Representatives' Overtime Pay Litigation | 3 | 12 |

| District | Judge | Litigation | Actions Pending | Total Number of Actions |
|---|---|---|---|---|
| PAE | C.J. Harvey Bartle III | MDL-1203 In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Products Liability Litigation | 2,626 | 20,006 |
| | D.J. Ronald L. Buckwalter | MDL-1014 In re Orthopedic Bone Screw Products Liability Litigation | 1 | 3,085 |
| | D.J. Ronald L. Buckwalter | MDL-1741 In re Isolagen, Inc., Securities & Derivative Litigation | 5 | 5 |
| | D.J. Stewart Dalzell | MDL-1682 In re Hydrogen Peroxide Antitrust Litigation | 1 | 33 |
| | D.J. Legrome D. Davis | MDL-1684 In re Plastics Additives Antitrust Litigation (No. II) | 9 | 9 |
| | Sr.J. Jan E. DuBois | MDL-1261 In re Linerboard Antitrust Litigation | 10 | 20 |
| | Sr.J. John P. Fullam | MDL-1782 In re Pharmacy Benefit Managers Antitrust Litigation | 6 | 6 |
| | D.J. James T. Giles | MDL-875 In re Asbestos Products Liability Litigation (No. VI) | 35,378 | 111,259 |
| | D.J. Bruce W. Kauffman | MDL-969 In re Unisys Corp. Retiree Medical Benefit "ERISA" Litigation | 8 | 14 |
| | D.J. Mary A. McLaughlin | MDL-1712 In re American Investors Life Insurance Co. Annuity Marketing and Sales Practices Litigation | 15 | 15 |
| | Sr.J. Louis H. Pollak | MDL-1817 In re CertainTeed Corp. Roofing Shingle Products Liability Litigation | 9 | 9 |
| | D.J. Timothy J. Savage | MDL-1675 In re ACE Limited Securities Litigation | 4 | 4 |
| | D.J. Timothy J. Savage | MDL-1768 In re Methyl Methacrylate (MMA) Antitrust Litigation | 18 | 18 |
| | D.J. Richard Barclay Surrick | MDL-1426 In re Automotive Refinishing Paint Antitrust Litigation | 62 | 63 |
| PAM | D.J. Thomas I. Vanaskie | MDL-1556 In re Pressure Sensitive Labelstock Antitrust Litigation | 11 | 11 |
| PAW | C.J. Donetta W. Ambrose | MDL-1091 In re Metropolitan Life Insurance Co. Sales Practices Litigation | 6 | 148 |
| | D.J. Gary L. Lancaster | MDL-1674 In re Community Bank of Northern Virginia Mortgage Lending Practices Litigation | 6 | 6 |
| SC | Sr.J. Solomon Blatt, Jr. | MDL-1595 In re Electrical Receptacle Products Liability Litigation | 1 | 9 |
| | D.J. Cameron McGowan Currie | MDL-1429 In re American General Life & Accident Insurance Co. Industrial Life Insurance Litigation | 69 | 135 |
| | D.J. David C. Norton | MDL-1785 In re Bausch & Lomb Inc. Contact Lens Solution Products Liability Litigation | 113 | 114 |
| | Sr.J. Matthew J. Perry, Jr. | MDL-865 In re Showa Denko K.K. L-Tryptophan Products Liability Litigation (No. II) | 1 | 973 |
| TNE | C.J. Curtis L. Collier | MDL-1552 In re UnumProvident Corp. Securities, Derivative & "ERISA" Litigation | 23 | 28 |
| TNM | C.J. Todd J. Campbell | MDL-1760 In re Aredia and Zometa Products Liability Litigation | 209 | 210 |
| | Sr.J. John T. Nixon | MDL-1537 In re Nortel Networks Corp. "ERISA" Litigation | 6 | 6 |
| TNW | D.J. J. Daniel Breen | MDL-1551 In re Reciprocal of America (ROA) Sales Practices Litigation | 13 | 13 |

| District | Judge | Litigation | Pending Actions | Total Number of Actions |
|---|---|---|---|---|
| TXE | D.J. Leonard E. Davis | MDL-1512  In re Electronic Data Systems Corp. Securities & "ERISA" Litigation | 4 | 29 |
|  | D.J. T. John Ward | MDL-1530  In re Fleming Companies Inc. Securities & Derivative Litigation | 10 | 22 |
| TXN | C.J. A. Joe Fish | MDL-1578  In re UICI "Association-Group" Insurance Litigation | 15 | 28 |
|  | D.J. Sidney A. Fitzwater | MDL-1214  In re Great Southern Life Insurance Company Sales Practices Litigation | 1 | 25 |
| TXS | D.J. Vanessa D. Gilmore | MDL-1646  In re Testmasters Trademark Litigation | 1 | 6 |
|  | D.J. Melinda Harmon | MDL-1422  In re Waste Management, Inc. Securities Litigation | 1 | 7 |
|  | D.J. Melinda Harmon | MDL-1446  In re Enron Corp. Securities, Derivative & "ERISA" Litigation | 129 | 196 |
|  | D.J. Lynn N. Hughes | MDL-1609  In re Service Corporation International Securities Litigation | 1 | 4 |
|  | D.J. Janis Graham Jack | MDL-1810  In re MERSCORP Inc., et al., Real Estate Settlement Procedures Act (RESPA) Litigation | 19 | 19 |
| UT | D.J. Dale A. Kimball | MDL-1546  In re Medical Waste Services Antitrust Litigation | 1 | 8 |
| VAE | D.J. Leonie M. Brinkema | MDL-1705  In re Xybernaut Corp. Securities Litigation | 10 | 10 |
| WAW | D.J. Barbara Jacobs Rothstein | MDL-1407  In re Phenylpropanolamine (PPA) Products Liability Litigation | 402 | 3,365 |
| WVS | D.J. Joseph R. Goodwin | MDL-1477  In re Serzone Products Liability Litigation | 16 | 177 |
| WY | C.J. William F. Downes | MDL-1293  In re Natural Gas Royalties Qui Tam Litigation | 75 | 83 |

CM/ECF Live Database flsd - Docket Report    Case 2:07-cv-00054-GZS    Document 7-5    Filed 04/20/2007    Page 40 of 50    Page 1 of 2

LSS

# U.S. District Court
## Southern District of Florida (Ft. Lauderdale)
### CIVIL DOCKET FOR CASE #: 0:07-cv-60428-JIC

Troiano v. Menu Foods, Inc. et al
Assigned to: Judge James I. Cohn
Demand: $5,000,000
Cause: 28:1332 Diversity-Property Damage

Date Filed: 03/26/2007
Jury Demand: Plaintiff
Nature of Suit: 385 Prop. Damage Prod.
Liability
Jurisdiction: Diversity

**Plaintiff**

**Christina Troiano**

represented by **James Lee Davidson**
Lerach Coughlin Stoia Geller Rudman
& Robbins LLP
120 East Palmetto Park Road
Suite 500
Boca Raton, FL 33432
561-750-3000
Fax: 561-750-3364
Email: jdavidson@lerachlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lawrence M. Kopelman**
Kopelman & Blankman
350 E Las Olas Boulevard
Suite 980
Fort Lauderdale, FL 33301
954-462-6855
Fax: 462-6899
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul Jeffrey Geller**
Lerach Coughlin Stoia Geller Rudman
& Robbins
120 E Palmetto Park Road
Suite 500
Boca Raton, FL 33432
561-750-3000
Fax: 561-750-3364
Email: pgeller@lerachlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stuart Andrew Davidson**
Lerach Coughlin Stoia Geller Rudman
& Robbins
120 East Palmetto Park Road
Suite 500

Boca Raton, FL 33432
561-750-3000
Fax: 750-3364
Email: sdavidson@lerachlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Menu Foods, Inc.**

**Defendant**

**Menu Foods Income Fund**

| Date Filed | # | Docket Text |
|---|---|---|
| 03/26/2007 | 1 | COMPLAINT against Menu Foods, Inc., Menu Foods Income Fund Filing fee $ 350. Receipt#: 539659, filed by Christina Troiano.(ls) (Entered: 03/26/2007) |
| 03/26/2007 | 2 | Summons Issued as to Menu Foods, Inc.. (ls) (Entered: 03/26/2007) |
| 03/26/2007 | 3 | Summons Issued as to Menu Foods Income Fund. (ls) (Entered: 03/26/2007) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/28/2007 13:46:34 | | |
| **PACER Login:** | mw0078 | **Client Code:** | 060228-00001/91103 |
| **Description:** | Docket Report | **Search Criteria:** | 0:07-cv-60428-JIC |
| **Billable Pages:** | 1 | **Cost:** | 0.08 |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **07-60428** CIV-COHN

CHRISTINA TROIANO, Individually and On
Behalf of All Others Similarly Situated,

**JURY TRIAL DEMAND**

Plaintiff,

vs.

MENU FOODS, INC. and MENU FOODS
INCOME FUND,

Defendants.

_____/

### CLASS ACTION COMPLAINT

Plaintiff Christina Troiano ("Plaintiff"), individually and on behalf of all others similarly

situated, files this Class Action Complaint against Defendants Menu Foods, Inc., a New Jersey

Corporation and Menu Foods Income Fund, a foreign corporation (collectively "Defendants") and

alleges as follows:

### I.    INTRODUCTION

1.    This is a class action lawsuit brought on behalf of Plaintiff and others similarly

situated who purchased pet food and pet food products produced, manufactured and/or distributed by

Defendants that caused injury, illness, and/or death to Plaintiff's household pets.

2.    Defendants are the leading North American private label/contract manufacturer

of wet pet food products sold by supermarket retailers, mass merchandisers, pet specialty

retailers, and other wholesale and retail outlets, including Wal-Mart, Safeway, Kroger,

PetSmart, Inc., Giant Food, and other large retail chains, and has provided pet food

products to or for Proctor & Gamble, Inc. Defendants produce hundreds of millions of containers

of pet food annually.

3.    Defendants designed, manufactured, marketed, advertised and warranted their pet

food products. In conjunction with each sale, Defendants marketed, advertised and warranted that

the Products were fit for the ordinary purpose for which such goods were used – consumption by

household pets – and were free from defects. Defendants produce the pet food products intending that

consumers will purchase the pet food products, regardless of brand or label name, place of purchase,

or the location where pets actually consume them. The pet food products were intended to be placed

in the stream of commerce and distributed and offered for sale and sold to Plaintiff and purchasers in

Florida and the United States and fed to their pets.

4.    Plaintiff brings this action, pursuant to Rule 23 of the Federal Rules of Civil

Procedure, on her own behalf and as a representative of a class of persons consisting of all persons in

the United States who purchased, or incurred damages by using  pet food produced manufactured

and/or distributed by Defendants that was or will be recalled by the Defendants, including that

produced from December 3, 2006 up to and including March 6, 2007.  The pet food products

referenced in this paragraph will hereinafter be referred to as the "Products."

5.    As a result of the defective Products, Plaintiff and members of the Class have suffered

damages in that they have incurred substantial veterinary bills, death of pets, and purchased and/or

own pet food and pet food products that they would not otherwise have bought had they known such

products were defective.

6.    Defendants know and have admitted that certain of the Products produced by the

Defendants between December 3, 2006 and March 6, 2007 are defective and causing injury and

death to household pets, and on March 16, 2007, initiated a recall of some of the Products.  Further,

the Food and Drug Administration has reported that as many as one in six animals died in tests of the

Products by Defendants last month after the Defendants received complaints the products were

2

poisoning pets around the country. A spokeswoman for the New York State Department of Agriculture and Markets has said that rodent poison was determined to have been mixed into the Products by Defendants.

## II.    PARTIES

7.    Plaintiff is a resident of Broward County, Florida who, in early March of 2007, purchased Iams Select Bytes Cat Food from a Publix grocery store in Deerfield Beach, Florida. The Iams Select Bytes Cat Food purchased by Plaintiff is a part of the group of Products that were produced, manufactured and/or distributed by Defendants.

8.    Defendant Menu Foods, Inc. is a New Jersey corporation with its principal place of business in the State of New Jersey, specifically located at 9130 Griffith Morgan Lane, Pennsauken NJ 08110.

9.    Defendant Menu Foods, Inc. is ultimately owned or controlled by Defendant Menu Foods Income Fund, an unincorporated company with its principal place of business in the Province of Ontario, Canada. Some of Defendant Menu Foods, Inc.'s high managerial officers or agents with substantial authority are also high managerial officers or agents of Defendant Menu Foods Income Fund.

10.    Plaintiff, individually and as representative of a Class of similarly situated persons more defined below, brings suit against the named Defendants for offering for sale and selling to Plaintiff and members of the Class the Products in a defective condition and thereby causing damages to Plaintiff and members of the Class.

3

### III.    JURISDICTION AND VENUE

11.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 and subsection (d), and the Class Action Fairness Act of 2005, Pub. L. 109-2 (Feb. 18, 2005); and over supplemental state law claims pursuant to 28 U.S.C. §1367.

12.    Venue is proper in this Court and judicial district pursuant to 28 U.S.C. §1391 and/or Pub. L. 109-2 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. In this judicial district, Plaintiff purchased the recalled pet food products made by Defendants, and her household pets ate and consumed the Products.  Thousands of other consumers – including other members of the Class – purchased the Products in this judicial district from retailers that Defendants, their agents, affiliates, or others controlled or were in privity with. In turn, retailers or others sold the Products to the general public, including Plaintiff, and members of the Class. The Products were purchased for consumption by the pets of Plaintiff and the other members of the Class. Defendants made or caused these products to be offered for sale and sold to the public, including Plaintiff.

### IV.    SUBSTANTIVE ALLEGATIONS

#### Defendants and their Defective Pet Food

13.    Defendants are in the business of manufacturing, producing, distributing, and/or selling pet food under various brands or labels, and/or for third party firms, including: America's Choice, Preferred Pets, Authority, Best Choice, Companion, Compliments, Demoulus Market Basket, Eukanuba, Fine Feline Cat, Food Lion, Food Town, Giant Companion, Hannaford, Hill Country Fare, Hy-Vee, Iams, Laura Lynn, Li'l Red, Loving Meals, Meijer's Main Choice, Nutriplan, Nutro Max Gourmet Classics, Nutro Natural Choice, Paws, Pet Pride, President's Choice, Priority, Sav-a-Lot, Schnucks, Science Diet

Feline Savory Cuts Cans, Sophsitacat, Special Kitty US, Springfield Prize, Sprout, Total Pet, Wegmans, Western Family, White Rose, and Winn Dixie. Defendants has manufactured or produced pet food for private labels for aproximately17 of the 20 leading retailers in the United States.

14.    Defendants' business includes manufacturing, producing, distributing, or selling dog food under various brands or labels, and/or for third party firms, including: America's Choice, Preferred Pets, Authority, Award, Best Choice, Big Bet, Big Red, Bloom, Bruiser, Cadillac, Companion, Demoulus Market Basket, Eukanuba, Food Lion, Giant Companion, Great Choice, Hannaford, Hill Country Fare, Hy-vee, Iams, Laura Lynn, Li'l Red, Loving Meals, Meijer's Main Choice, Mixables, Nutriplan, Nutro Max, Nutro Ultra, Nutro, Ol'Roy US, Paws, Pet Essentials, Pet Pride - Good & Meaty, President's Choice, Price Chopper, Priority, Publix, Roche Brothers, Sav-a-Lot, Schnucks, Shep Dog, Sprout, Statler Bros, Total Pet, Western Family, White Rose, Winn Dixie, and Your Pet.

15.    Defendants produce millions of pouches or containers of pet food products each year, a substantial portion of which are sold or offered for sale in Florida. Upon information and belief, Defendants have sold, either directly or indirectly, thousands of units of defective pet food and pet food products nationwide and in the State of Florida.

16.    Defendants manufactured, marketed, advertised, warranted and sold, either directly or through their authorized distribution channels, the Products that caused Plaintiff's damages. Plaintiff and members of the Class have been or will be forced to pay for damages caused by the defect in Defendants' Products.

**Factual Allegations Related to Plaintiff**

17.    In early March, 2007, Plaintiff purchased Iams Select Bytes Cat Food pet food from a national chain grocery store, Publix, operating in Deerfield Beach, Florida.

18.    Over the course of the next few weeks, Plaintiff fed the cat food to her two cats, Angel and Piescat. Towards the end of that period, Plaintiff began noticing that her cats were not eating much of the Defendants' product, and that the cats were leaving large pools of urine in their litter box with little or no bowel movements.

19.    On or about March 16, 2007, Defendants announced a recall of approximately 42 brands of "cuts and gravy style dog food, all produced by the Defendants between December 3, 2006 and March 6, 2007." Defendants had initially received complaints from consumers as far back as February 20, 2007 indicating that certain of Defendants' pet food was causing kidney failure and death in dogs and cats. Unfortunately, Plaintiff and the Class were not made aware of this recall for several more days.

20.    On March 20, 2007, following another few days of unusual behavior from her cats, Plaintiff took her cats to the veterinarian. The veterinarian advised Plaintiff that both of her cats were suffering from kidney failure directly and proximately caused by the cat food. One of the Plaintiff's cats, Angel, died shortly thereafter, while the other cat, Piescat, remains at a veterinary hospital receiving treatment.

21.    Thereafter, Plaintiff learned about the recall and the potential problems that could occur from feeding the Products to her pets. Prior to the recall, Defendants never warned Plaintiff or any other member of the Class that the Products would cause their pets to have health problems. As referenced above, Defendants knew about the risks of injury or death at least one month prior to the time that Plaintiff fed the Products to her cat.

6

22.     As a result of their purchases of the Products, as set forth above, Plaintiff and other members of the Class have suffered and will suffer damages, including consequential and incidental damages, such as the loss and disability of their household pets, costs of purchasing the Products and replacing it with a safe product, including sales tax or a similar tax, costs of making an additional trip to a retail store to purchase safe, non-contaminated pet food, the price of postage to secure a refund offered by Defendants, the cost of veterinarians, treatment, medicines and the trip(s) to make such visits for diagnosis and treatment, and otherwise.

## V.     CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action on her own behalf and as a Class action pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure on behalf of the following proposed class:

> All persons in the United States who purchased, or incurred damages by using, pet food produced or manufactured by Defendants that was or will be recalled by the Defendants, including that produced from December 3, 2006 up to and including March 6, 2007.

Upon completion of discovery with respect to the scope of the Class, Plaintiff reserves the right to amend the class definition. Excluded from the Class are Defendants, their parents, subsidiaries and affiliates, directors and officers, and members of their immediate families. Also excluded from the Class are the court, the Court's spouse, all persons within the third degree of relationship to the Court and its spouse, and the spouses of all such persons.[1]

24.     Numerosity: The members of the Class are so numerous and geographically diverse that joinder of all of them is impracticable. While the exact number and identities of members of the Class are unknown to Plaintiff at this time and can only be ascertained through appropriate

---

[1]     *See* Canon 3.C(3)(a) of the Code of Conduct for United States Judges.

discovery, Plaintiffs believe and therefore aver that there are thousands of Class members throughout the United States.

25.    Commonality:  There are questions of fact and law common to members of the Class that predominate over any questions affecting any individual members including, *inter alia*, the following:

(a)    Whether Defendants sold pet food and pet food products that were recalled or subject to a recall.

(b)    Whether Defendants advertised, represented, or held itself out as producing or manufacturing a pet food product that was safe for pets of the class members.

(c)    Whether Defendants expressly warranted these products.

(d)    Whether Defendants purported to disclaim any express warranty.

(e)    Whether Defendants purported to disclaim any implied warranty.

(f)    Whether any limitation on warranty fails to meet its essential purpose.

(g)    Whether Defendants intended that the Products be purchased by Plaintiff, Class members, or others.

(h)    Whether Defendants intended or foresaw that Plaintiff, class members, or others would feed the Products to their pets.

(i)    Whether Defendants recalled the pet food products.

(j)    Whether Defendants was negligent in manufacturing or processing the Products.

(k)    Whether using the Products as intended - to feed their pets - resulted in loss, injury, damage, or damages to the Class.

(l)    Whether Defendants' negligence proximately caused loss or injury to damages.

8

(m)    Whether Class members suffered direct losses or damages,

(n)    Whether Class members suffered indirect losses or damages.

(o)    Whether Defendants' acts or practices violated the Florida Deceptive and Unfair Trade Practices Acts.

26.    Typicality:  Plaintiff's claims are typical of the claims of the other members of the Class in that all such claims arise out of Defendants' conduct in manufacturing, producing and entering into the stream of commerce defective pet food and pet food products, Defendants' conduct surrounding the recall of its product, and Plaintiff's and Class Members' purchase and use of Defendants' products.  Plaintiff and the other members of the Class seek identical remedies under identical legal theories, and there is no antagonism or material factual variation between Plaintiff's claims and those of the Class.

27.    Adequacy:  Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's claims are coextensive with, and not antagonistic to, the claims of the other members of the Class.  Plaintiff is willing and able to vigorously prosecute this action on behalf of the Class, and Plaintiff has retained competent counsel experienced in litigation of this nature.

28.    Plaintiff brings this action under Rule 23(b)(3) because common questions of law and fact (identified in paragraph 25 above) predominate over questions of law and fact affecting individual members of the Class.  Indeed, the predominant issue in this action is whether Defendants' pet food and pet food products are defective and have caused damages to Plaintiff and the members of the Class.  In addition, the expense of litigating each Class member's claim individually would be so cost prohibitive as to deny Class members a viable remedy.  Certification under Rule 23(b)(3) is appropriate because a class action is superior to the other available methods