UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MARA BRAZILIAN,<br><br>    Plaintiff,<br><br>    v.<br><br>MENU FOODS INCOME FUND,<br>MENU FOODS LIMITED,<br>MENU FOODS, INC.,<br>MENU FOODS MIDWEST<br>CORPORATION, and THE IAMS<br>COMPANY,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **Civil Action No: 07-54**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS**

Plaintiff, Mara Brazilian, on behalf of herself and others similarly situated, by and through her counsel of record, hereby respectfully submit this Memorandum in Opposition to Defendants' motion to stay all proceedings.

**INTRODUCTION**

On March 30, 2007 Plaintiff, on behalf of herself and all other similarly situated, filed the instant action in this Court. The Plaintiff has alleged causes of action for Breach of Warranty (Count I), Breach of Contract (Count II), Product Liability (Count III), and Negligence (Count IV).

On April 20, 2007, Defendants Menu Foods Income Fund, Menu Foods Limited, Menu Foods, Inc., and Menu Foods Midwest Corp. (collectively referred to as the "Menu Foods Defendants"), filed a Motion to Stay all proceedings. On May 8, 2007, Defendant The Iams Company ("Defendant Iams") filed a motion to join in the Menu Foods Defendants' motion. For

the reasons stated below, the motions should be rejected.

**ARGUMENT**

The Menu Foods Defendants' motion already has been rejected in at least one other jurisdiction. A very similar motion filed by Menu Foods entities in the United District Court for the Western District of Arkansas was rejected by Order dated May 2, 2007. <u>A copy of the Order is attached hereto as Exhibit A</u>. In that Order, the Honorable Judge Jimm Larry Hendren rejected the very arguments advanced by Defendants in the pending motion. Judge Hendren relied solely on the explicit language of Rule 1.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("J.P.M.L. Rules"). As Judge Hendren noted, Rule 1.5 of the J.P.M.L Rules provides:

> The pendency of a motion, order to show cause, conditional transfer order or conditional remand order before the Panel concerning transfer or remand of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court.

<u>Exhibit A at Page 2</u>; <u>Rule 1.5 of the Rules of the J.P.M.L.</u> (emphasis added). As Judge Hendren explained, "The wisdom of this rule is self-evident: when a motion for transfer is made, there is no way of knowing whether it will be granted or not. If a case were automatically stayed until the decision regarding transfer were made, many cases which do not end up being transferred would be needlessly delayed." <u>See Exhibit A at Page 2</u>.

The Menu Foods Defendants' motion to stay, and Defendant Iams' joined motion, both should be rejected on the same basis.

    **A.**    **Delaying the Ruling on Motions to Remand Pending Action by the Judicial Panel on Multidistrict Litigation on Motions to Transfer and Consolidate is Unwarranted.**

In this case, the Plaintiff is in the process of serving the Defendants in the various states,

and in Canada where they are located.  She will then seek answers to her complaint and will initiate preliminary discovery.  The pendency of the motions for transfer and consolidation before the Judicial Panel on Multidistrict Litigation ("J.P.M.L.") does not invoke an automatic stay of this case.  To the contrary, both case law and the J.P.M.L. Rules provide that a stay is unwarranted.

First, as Judge Hendren stated, the Rules of the J.P.M.L. unequivocally provide that, during the pendency of a motion for consideration before the J.P.M.L., the case should be allowed to proceed.  See Rule 1.5 of the Rules of the J.P.M.L.  See also, Manual for Complex Litigation (3rd) § 31.131; 17 Moore's Federal Practice § 112.06[1] ("the pendency of transfer order does not limit the power of the transferor court to act on matters properly before it …").  "In other words, a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a parties' motion to the J.P.M.L. Panel for transfer and consolidation."  Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360 (C.D. Cal. 1997).  Furthermore, the Menu Foods Defendants' citation to 28 U.S.C. § 1407 is unavailing.  While it is true that the Section 1407 provides that civil actions may be transferred for coordinated or consolidated pretrial proceedings to "promote the just and efficient conduct of such actions," the rule does not mandate that such a transfer will occur.  Instead, as the Menu Foods Defendants note, there will be a hearing in the J.P.M.L. in Las Vegas on May 31, 2007, and that court will make a decision regarding transfer.  Perhaps the J.P.M.L. court will order a transfer, but perhaps the court will deny a transfer and consolidation.  Accordingly, at this stage, a stay of proceedings that potentially delays this case for several months is simply unwarranted.

Moreover, well-established case law fully supports the principle that a case should proceed ruling the pendency of a motion to consolidate. E.g., Villarreal v. Chrysler Corp., 1996

3

U.S. Dist. LEXIS 3159, 1996 WL 116832 (Cal. 1996); Carol Cable Company, Inc. v. Koffler, 1989 U.S. Dist. LEXIS 8434 (MDL No. 797) (E.D. Pa. 1989) (district court denied Defendants' motion to stay discovery prior to J.P.M.L. Panel's ruling on motion to transfer and consolidate). The J.P.M.L. has repeatedly instructed that the use of stays in the District Courts is improper. In re Airport Car Rental Antitrust Litig., 448 F.Supp. 273, 275 (J.P.M.L. 1978) (pendency of section 1407 proceedings should not delay progress of case); In re Air Crash Disaster at Paris, France, on March 3, 1974, 376 F.Supp. 887 (J.P.M.L. 1973) ("We have previously noted that the mere pendency of a motion before the Panel does not affect or suspend orders and discovery proceedings in the transferor district court…."); In re Four Seasons Securities Litigation, 362 F.Supp. 574, 575 n.2 (J.P.M.L. 1973) (same); In re Penn Central Securities, 333 F.Supp. 382, 384 n.4 (J.P.M.L. 1971) ("The panel's experience indicates that the use of stay orders by the District Courts . . . is usually undesirable"); In re Master Key Antitrust Litig. 320 F.Supp. 1404 (J.P.M.L. 1971) (court should proceed with case).

Conversely, many of the cases cited by the Defendants concern cases in which a motion to stay proceedings was being weighed against a plaintiff's motion for remand from federal court to state court. See e.g. Gonzalez v. American Home Products, Corp., 223 F.Supp.2d 803 (S.D. Tex. 2002); Moore v. Wyeth-Ayerst Laboratories, 2356 F.Supp.2d 509 (D. Md. 2002); Kohl v. American Home Products, Corp. 78 F.Supp.2d 885 (W.D. Ark. 1999); Republic of Venezuela v. Philip Morris Companies, Inc. et. al., 1999 WL 33911677 (S.D. Fla. 1999). No such issues exist in this case. The Plaintiff filed in the Federal District Court for the District of Maine and does not seek remand to a previously existing state court action.

Although the Defendants are correct that courts will look to factors such as the (1) the potential prejudice to the non-moving party; (2) undue hardship and inequity to the moving party

4

if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation, the defendants are incorrect that these factors militate in favor of a stay. "Even a temporary stay can be characterized as a delay prejudicial to the plaintiffs." Arther-Magna, Inc. v. Del-Cal Financial Corp., 1991 WL 13725 (D.N.J. 1991). "The supplicant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which the party will work damage to someone else." Favalor v. S/S. Golden Gate, 687 F.Supp. 475, 481 (N.D. Cal. 1987).

      The very fact that Defendants claim that a quick decision will issue from the J.P.M.L. dulls any argument that a stay should issue. If Defendants are correct, this Court will not be required to familiarize itself with the intricacies of the case at this early date, and the judicial resources extended to require the Defendants to answer the Complaint and begin discovery would be minimal while any motions are pending before the J.P.M.L.. Additionally, neither the Menu Foods Defendants nor Defendant Iams would be prejudiced by answering Plaintiff's straightforward product liability Complaint. If Defendants are allowed a stay, the Plaintiff may be prejudiced by having to wait months to learn what defenses she will face. The Plaintiff will not know if there are any objections to various issues, i.e., subject matter jurisdiction, insufficiency of process, insufficiency of service of process and other defenses. Under the Federal Rules of Civil Procedure, Defendants must answer within twenty days after service, not within several months, which is what Defendants are essentially asking this Court to allow if the Stay is granted and the J.P.M.L. decision is not immediately forthcoming. Further, there is no assurance that the case will be transferred to another court, and there is no reason to prejudice the Plaintiff's claim based upon a speculative transfer.

**B.    A Stay Subjects the Plaintiff Substantial, Unnecessary, and Undue Prejudice.**

The Plaintiff, who filed a Complaint in this Court, has the right to proceed in the venue of her choice and will be obligated to expend obvious additional effort if this matter is she loses the opportunity to prosecute this case during the pendency of the stay.

Defendants, all of whom have hired counsel in Maine for the purposes of filing the motions to stay, could easily offer to accept service without any conditions attached to such an acceptance. The Menu Food entities have had more than ample time to become aware of the circumstances surrounding the claims and allegations made by the Plaintiff. The Plaintiff in this case has alleged that the Menu Foods Defendants were aware as early as late 2006 or early 2007 that pets had died after ingesting food manufactured by the Menu Foods Defendants. See Plaintiff's Complaint at ¶ 18. When the Menu Foods Defendants performed their own testing, several of the test animals became ill and eventually died. See id. at ¶¶ 19-20. Nonetheless, it was not until several weeks after those tests that the Menu Foods Defendants announced their first recall, in which Defendant Iams agreed to participate. See id. at ¶¶ 22. This recall began several weeks after the Plaintiff's cats, Fred and Barney, became ill in February of 2007. See id. at ¶¶ 32, 34. The complaint in this case quite straightforwardly contends that the injuries caused to the Plaintiff's cats Fred and Barney occurred directly because of and as a result of the breaches and wrongful conduct of the Defendants.

Neither the Menu Foods Defendants nor Defendant Iams is prejudiced by having to respond to service and answer the complaint in this case. They will not be prejudiced by having to provide basic information about their corporate structure, the complaints regarding the health of animals, the ingredients in the food, supplier information, and test results that Defendants have obtained. Plaintiff is entitled to know this basic information, and should not have to wait

6

until the J.P.M.L. court issues a ruling that may or may not involve a transfer of this case to a different district.

Finally, Defendants' assertion that this action should be stayed because the J.P.M.L. will transfer the case assumes an outcome that cannot be predicted. It is premised on facts relating to potentially inconsistent class determinations that are not before the Court. Accordingly, such facts cannot be considered in resolving the pending motion. Rather, they are to be determined by the J.P.M.L. and the J.P.M.L. alone. The Plaintiff should not be prejudiced in having to refrain from prosecuting her claim for potentially several months pending this determination based on Defendants' assumptions regarding the conclusions that another court will reach.

**C.     The Presence of Defendant Iams Militates Against A Stay In This Case.**

Defendant Iams has joined in the Menu Foods Defendants' motion, however, the presence of Defendant Iams in this case militates against a stay. The vast majority of the cases filed to date have not included Defendant Iams as a defendant in the action. For the cases filed through May 11, 2007, only 11 out of 92 cases named The Iams Company as a Defendant. Defendant Iams cannot raise any of the claims made against the Plaintiff by the Menu Foods Defendants when it is only involved in a handful of other cases. Accordingly, whatever arguments may be applicable to Menu Foods Defendants, they, quite obviously cannot apply with the same force and effect against Defendant Iams.

Moreover, it is not at all clear how the J.P.M.L. will deal with Defendant Iams, or various other defendants that are separate entities from various Menu Foods defendants. Given the sheer number of different recalled products and retailers, the J.P.M.L. could justifiably reach one decision for the Menu Foods Defendants, and a completely different decision with respect to other defendants such as Defendant Iams.

## CONCLUSION

Accordingly, for the reasons set forth above, the Plaintiff respectfully requests that this Court deny the Defendants' motion to stay all proceedings.

DATED at Portland, Maine this 11th day of May, 2007.

      /s/ Michael R. Bosse
Leonard M. Gulino
Daniel J. Mitchell
Michael R. Bosse
Theodore A. Small

Bernstein Shur
100 Middle Street; PO Box 9729
Portland, ME  04104-5029
207-774-1200

Attorneys for Plaintiffs