IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| MARA BRAZILIAN, on behalf of herself and all others similarly situated, | : : : | CASE NO. 2:07-cv-00054-DBH |
| | : | (Judge D. Brock Hornby) |
| Plaintiff, | : : | (Magistrate David M. Cohen) |
| v. | : : | |
| MENU FOODS INCOME FUND, et al., | : : : : | **DEFENDANT THE IAMS COMPANY'S RESPONSE IN REPLY TO PLAINTIFF MARA BRAZILIAN'S MEMORANDUM IN OPPOSITION TO DEFENDANTS MENU FOODS' MOTION TO STAY ALL PROCEEDINGS** |
| Defendants. | : : : : | |

I.   INTRODUCTION AND SUMMARY

This action is but one of ninety-nine (99) class actions that have been filed against Menu Foods[1] in the last two-and-a-half months, which seeks to hold Menu Foods – and other defendants – liable as a result of illnesses and deaths to plaintiffs' and class members' pets from the consumption of contaminated cat and dog food products. In response to the numerous class actions, on March 30, 2007, plaintiffs in several of the actions filed motions to consolidate and transfer ("MDL Motions") with the Judicial Panel on Multidistrict Litigation ("MDL Judicial Panel").[2]

---

[1] Defendants Menu Foods Income Fund, Menu Foods Limited, Menu Foods Inc., and Menu Foods Midwest Corporation (collectively "Menu Foods").

[2] Importantly, none of the parties that have filed responses to the pending motions have opposed the consolidation and transfer of any of the related actions, including this action. Rather, each of the parties that has responded to the MDL Motions (which includes many of the plaintiffs and defendants) have contested the location and forum for the transfer of this matter ─ and not whether to transfer and consolidate the actions. Neither Ms. Brazilian nor any of the other plaintiffs (or defendants) have sought to have this matter transferred to the United States District Court for the District of Maine.

The basis for the MDL Motions is simple: the various cases filed against Menu Foods (and other defendants) assert similar claims, challenge similar conduct, and seek to certify similar and overlapping classes. Thus, the transfer for coordination and consolidation of pretrial proceedings will eliminate the risk of redundant discovery, unnecessary duplication of efforts by the parties, counsel, witnesses, and the judiciary, and most importantly, the potential for inconsistent rulings on pretrial motions – including motions to dismiss and for class certification.

In many of the pending actions ─ like this one ─ Menu Foods filed motions to stay pending a ruling by the MDL Judicial Panel. In those stay motions, Menu Foods demonstrated that the courts should stay those matters pending a decision from the MDL Judicial Panel based upon the same points that many of the other plaintiffs have highlighted as support for the consolidation and transfer of all of the related actions. Ignoring the above points, Plaintiff offers unsupported assertions that the brief stay would somehow result in prejudice to her as she has a purported right to proceed in the venue of her choice and "will be obligated to expend obvious additional effort in this matter i[f] she losses the opportunity to prosecute this case during the pendency of the stay."[3] As demonstrated below, however, Ms. Brazilian's arguments and concerns are neither supported by the caselaw nor the facts of this case.

II.       A STAY IS WARRANTED IN THIS PROCEEDING

This Court has the inherent power to stay its proceedings. Such power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[4] Such a stay is

---

[3] Plaintiff's Memorandum in Opposition to Defendants' Motion to Stay All Proceedings ("Memo in Opp."), p. 6.

[4] Landis v. North Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163 (1936).

especially appropriate where, as here, a favorable decision on the pending MDL motions could transfer this action to another court for pretrial purposes.[5]

Most federal courts have concluded that it is appropriate and more efficient to conserve judicial resources and stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Judicial Panel.[6]  Indeed, while the United States District Court for the Western District of Arkansas denied Menu Foods' motion to stay,[7] numerous Menu Foods' cases have already been stayed in courts across the country (including twenty-nine (29) cases in New Jersey).

      A.      Plaintiff Will Suffer No Prejudice if this Court Orders a Stay in the Proceedings Here

Plaintiff will not be prejudiced if this Court enters a stay because no significant proceedings have taken place in this case.[8]  Further, this Court's stay order will be effective only

---

[5] Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1362 (C.D. Cal. 1997).

[6] Tench v. Jackson Nat'l Life Ins. Co., No 99 C 5182, 1999 U.S. Dist. LEXIS 18023, at * 3 (N.D. Ill. Nov. 10, 1999) (attached as Exhibit 1) (staying action pending decision on MDL motion "to avoid duplicative efforts and preserve valuable judicial resources"); Boudreaux v. Metropolitan Life Ins. Co., No. 95-138, 1995 U.S. Dist. LEXIS 2656, at *3-4 (E.D. La. Fed. 24, 1995) (attached as Exhibit 2) (staying all proceedings to avoid duplicative discovery and conflicting pretrial rulings).

[7] While a similar motion by Menu Foods in the United States District Court for the Western District of Arkansas was denied by Order dated May 2, 2007, the order is easily distinguishable. The Arkansas Court relied on the proposition that "when a motion for transfer is made, there is no way of knowing whether it will be granted or not." Order at 2.  Plaintiff's reliance on this finding is misplaced here because the MDL Motions to consolidate are unopposed and will likely be granted.  Plaintiff's claims concerning Menu Foods involve numerous common issues of fact with the cases that are currently pending and unopposed before the MDL Judicial Panel.  Moore v. Wyeth-Ayerst Labs., 236 F. Supp. 2d 509, 513 (D. Md. 2002) (stay of pretrial proceedings pending transfer to multidistrict litigation action was proper where complaint encompassed same facts, injuries from diet drugs, as multidistrict litigation).

[8] American Seafood, Inc. v. Magnolia Processing, Inc., No. 92-1030, 1992 U.S. Dist. LEXIS 7374, at *4 (E.D. Pa. May 6, 1992) (attached as Exhibit 3) (granting defendants' requested motion to stay pending decision by the MDL Judicial Panel in part because, although plaintiff had moved for class certification, defendants' time to file opposition papers had not run).

until the MDL Judicial Panel issues its decision, and there is no reason to expect that the MDL Judicial Panel will not decide the MDL Motions expeditiously.

Any slight delay that Plaintiff may experience due to a stay in this matter will be minimal and non-prejudicial. Menu Foods is not asking this Court to stay this proceeding indefinitely, but only until the MDL Judicial Panel hears the motions. The MDL Judicial Panel has scheduled a hearing on the motions on May 31, 2007, less than three weeks from the filing of this pleading.[9] Any delay that may be incurred will be brief and would not warrant denying the motion to stay.

The slight delay that may befall the Plaintiff is greatly outweighed by the benefits to judicial economy that are promoted by issuing a temporary stay. Further, in light of the overwhelming number of complaints that have been filed to-date, Menu Foods and other defendants like Iams would be prejudiced if they were required to provide even basic discovery in each of the cases across the country. Requiring any defendants to answer innumerable discovery requests and reply to countless motions and pleadings all over the country is both cost prohibitive and unnecessary. Moreover, such a burdensome scheme would also expose all defendants to inconsistent judgments.

Accordingly, in order to promote the goals of 28 U.S.C. § 1407 of avoiding duplicative efforts and inconsistent rulings, judicial efficiency requires that the motion to stay be granted.

---

[9] N.M. State Inv. Council v. Alexander, 317 B.R. 440, 446 (D.N.M. 2004) (granting motion to stay, where among other factors, a stay pending decision by MDL Judicial Panel did not substantially delay the action).

    B.  Menu Foods and Iams Will Suffer Hardship if this Court Does Not Stay this Action Because Menu Foods and Iams Will Undoubtedly Be Subjected to Duplicative Motion Practice, Discovery, and Proceedings on Class Action Issues

  The MDL Motions present the paradigmatic situation for which Congress designed 28 U.S.C. § 1407.[10] Considerations of economy and hardship to Menu Foods and Iams dictate that this Court should stay all proceedings. In addition, there are real dangers of the duplication of a significant effort (both by counsel and the courts), as well as the danger of inconsistent rulings on virtually identical issues of law, if this stay is not granted. Given the complexity and similarity of the legal issues involved, the interests of judicial economy and fairness would best be served by staying all proceedings until the MDL Judicial Panel decides the MDL Motions.[11]

  The similarity in the claims asserted in the class actions at issue in the MDL Motions and the other actions filed to-date mean that similar discovery requests will be forthcoming from the plaintiffs in each of the cases. As a matter of fairness and efficiency, Iams should be required to analyze, coordinate, and respond to potential discovery requests on substantially similar issues only once. In particular, as a matter of fairness to potential witnesses in the case, a temporary stay is appropriate so that they are not made to appear for multiple depositions in each of the overlapping actions.

---

[10] In re Food Lion, Inc. Fair Labor Standards Act Effective Scheduling Litig., 73 F.3d 528, 532 (4th Cir. 1996) ("essential purpose of 28 U.S.C. § 1407 is to avoid 'piecemeal litigation'"); In re Nat'l Student Mkt. Litig., 368 F. Supp. 1311, 1316 (J.P.M.L. 1972) ("The basic purpose underlying the enactment of 28 U.S.C. § 1407 was to secure, in multidistrict civil litigation, the "just, speedy, and inexpensive determination of every action.") (citing Fed. R. Civ. P. 1).

[11] Arthur-Magna, Inc. v. Del-Val Fin. Corp., No. 90-4378, 1991 U.S. Dist. LEXIS 1431, at *4-5 (D.N.J. Feb. 4, 1991) (holding that considerations of judicial economy and hardship to defendants were compelling enough to warrant stay pending resolution of defendant's § 1407 transfer motion).

Moreover, it would represent an extreme hardship if Menu Foods and Iams were required to respond in several different federal courts to the anticipated motions for class certification. Not only would repetitive class certification proceedings be a complete misuse of judicial resources, but also it carries the real potential for the creation of conflicting results on the same issue. Such a result would not be a just resolution of the class certification issue for Iams or, for that matter, the class members.

C.  Judicial Resources Will Be Conserved if this Court Grants Menu Foods' Motion for a Stay

There are several ways in which this Court's resources will be conserved if the Court grants the motion to stay. <u>First</u>, if this action is consolidated and transferred to another court, this Court will not have to oversee pretrial proceedings that may, if necessity, be duplicated in the transferee court. Granting the motion to stay will allow this Court to avoid "needlessly expend[ing] its energies familiarizing itself with the intricacies of a case that would be heard by another judge."[12] <u>Second</u>, any efforts on behalf of this Court concerning case management and scheduling probably will be replicated by the judge that is assigned to handle the consolidated litigation. Therefore, a great deal of this Court's time and energy would be saved by staying the instant case pending the MDL Judicial Panel's decision. <u>Third</u>, if this Court denies the motion to stay and begins to adjudicate substantive issues, such as class certification, any order this Court enters may be vacated by the transferee district should the MDL Judicial Panel subsequently grant the various motions for transfer and consolidation.[13]

---

[12] <u>Rivers</u>, 980 F. Supp. at 1360.

[13] <u>Rivers</u>, 980 F. Supp. at 1361; <u>In re Exterior Siding & Alum. Coil. Litig.</u>, 538 F. Supp. 45, 47-48 (D. Minn. 1982) (transferee court reconsidered prior district court ruling on class certification). This Court's potential investment of time and resources may be in vain.

III.      THE PRESENCE OF DEFENDANT IAMS IN THIS CASE IS IRRELEVANT TO A GRANT OF STAY

Plaintiff contends that "the presence of Defendant Iams in this case militates against a stay" and "whatever arguments may be applicable to Menu Foods Defendants . . . quite obviously cannot apply with the same force and effect against Defendant Iams." Memo in Opp., p. 7. Plaintiff's statement is wholly conclusory, without citing any authority to support its proposition. Furthermore, whether the MDL Judicial Panel ultimately reaches different decisions pertaining to Menu Foods and Iams is altogether irrelevant to this Court's grant of the motion to stay. The issues currently before this court are: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated."[14] In considering these three factors, in no way does the presence of Iams militate against the granting of a stay by this Court.

IV.      CONCLUSION

Accordingly, for the reasons set forth above, this Court should grant Defendants Menu Foods' Motion to Stay All Proceedings.

---

[14] Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) (courts generally consider three factors when determining whether to grant a motion for stay).

Dated: May 18, 2007

Respectfully submitted,

OF COUNSEL:

D. Jeffrey Ireland (Ohio Bar No. 0010443)
Laura A. Sanom (Ohio Bar No. 0039451)
Brian D. Wright (Ohio Bar No. 0075359)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow St.
Dayton, OH 45402
Telephone: (937) 227-3710
Telecopier: (937) 227-3717
E-mail: djireland@ficlaw.com

/s/ Jeffrey M. White
Jeffrey M. White
William J. Kayatta, Jr.
PIERCE ATWOOD LLP
One Monument Square
Portland, ME 04101
Telephone: (207) 791-1292
Telecopier: (207) 791-1350
E-Mail: jwhite@pierceatwood.com

Attorneys for Defendant
The Iams Company

## CERTIFICATE OF SERVICE

I certify that on the 18th day of May, 2007, I electronically filed the foregoing Defendant The Iams Company's Response in Reply to Plaintiff Mara Brazilian's Memorandum in Opposition to Defendants Menu Foods' Motion to Stay All Proceedings with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants:

Leonard M. Gulino
Daniel J. Mitchell
Michael R. Bosse
Theodore A. Small
BERNSTEIN SHUR
100 Middle Street
PO Box 9729
Portland, ME  04104-5029

Counsel for Plaintiff Mara Brazilian

Paul C. Catsos
THOMPSON & BOWIE, LLP
Three Canal Plaza
P.O. Box 4630
Portland, ME  04112

Edward B. Ruff, III
Michael P. Turiello
Priya K. Jesani
PRETZEL & STOUFFER
One South Wacker Drive
Suite 2500
Chicago, IL  60606-4673

Counsel for Defendants
Menu Foods Income Fund, Menu Foods Limited, Menu Foods, Inc.,
Menu Foods Midwest Corporation

/s/ Jeffrey M. White
Jeffrey M. White

{W0758168.1}