# EXHIBIT 1

Dockets.Justia.com

LEXSEE 1999 US DIST LEXIS 18023

**TISHA S. TENCH, individually and on behalf of all others similarly situated, Plaintiff v. JACKSON NATIONAL LIFE INSURANCE COMPANY and BROOKE LIFE INSURANCE Company, Defendants.**

No. 99 C 5182

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

1999 U.S. Dist. LEXIS 18023

November 10, 1999, Decided
November 12, 1999, Docketed

**DISPOSITION:** [*1] Defendants' motion to stay GRANTED until MDL Panel decides whether to transfer this case to consolidated proceedings.

**COUNSEL:** For TISHA S TENCH, plaintiff: Marvin Alan Miller, Adam J. Levitt, Miller, Faucher, Cafferty and Wexler, L.L.P., Chicago, IL.

For TISHA S TENCH, plaintiff: Andrew S Friedman, Frank J Balint, Jr, Bonnett, Fairbourn, Friedman & Balint, P.C., Phoenix, AZ.

For TISHA S TENCH, plaintiff: Howard D Finkelstein, Mark L Knutson, Finkelstein & Krinsk, San Diego, CA.

For JACKSON NATIONAL LIFE INSURANCE COMPANY, BROOKE LIFE INSURANCE COMPANY, defendants: James A. Rolfes, Sachnoff & Weaver, Ltd., Chicago, IL.

**JUDGES:** Elaine E. Bucklo, United States District Judge.

**OPINION BY:** Elaine E. Bucklo

**OPINION:**

### MEMORANDUM OPINION AND ORDER

Tisha Tench, an Illinois citizen, filed a class action lawsuit on July 2, 1999, in the Circuit Court of Cook County, Illinois against defendants Jackson National Life Insurance Company and Brooke Life Insurance Company ("Jackson National") in connection with its marketing and sale of a life insurance policy referred to as a "vanishing premium" policy. Ms. Tench alleges that Jackson National is liable for (1) violation of the Illinois Consumer [*2] Fraud and Deceptive Business Practices Act and Uniform Deceptive Trade Practices Act, (2) negligent misrepresentation, (3) common law fraud, (4) breach of contract, and (5) breach of fiduciary duty.

On August 9, 1999, Jackson National removed Ms. Tench's case to federal court pursuant to 28 U.S.C. § 1441. The parties agree that diversity of citizenship exists but dispute whether the amount in controversy meets the $ 75,000 requirement of diversity subject matter jurisdiction. Thus, Ms. Tench filed a motion to remand for lack of subject matter jurisdiction.

This case is one of many filed throughout the country based on the marketing and sale by life insurers of the so-called "vanishing premium" policies. The Judicial Panel for Multidistrict Litigation (the "MDL Panel") has, to date, consolidated four cases filed against Jackson National before the Honorable David McKeague of the United States District Court for the Western District of Michigan. The MDL Panel has set this case for hearing on November 19, 1999 on the issue of consolidation, and a transfer decision on another case is also pending. Jackson National has filed a motion to stay all proceedings pending [*3] the decision of the MDL Panel.

To further judicial economy and eliminate the

potential for conflicting pretrial rulings, federal law permits the transfer of cases pending in different districts involving common questions of fact to the same district for consolidated pretrial proceedings. 28 U.S.C. § 1407(a). The MDL Panel is likely to transfer the case at bar, since it involves a nearly identical set of facts and similar legal theories as the cases previously consolidated before Judge McKeague. Under these circumstances, i.e. pending a decision by the MDL Panel whether to add a case, stays are frequently granted to avoid duplicative efforts and preserve valuable judicial resources.

The MDL Panel clearly has the authority to transfer this case despite Ms. Tench's jurisdictional objection. *See, e.g., In re Ivy*, 901 F.2d 7, 8-10 (2d Cir. 1990)("Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course."); *In re Federal Election Campaign Act Litigation*, 511 F. Supp. 821, 823-24 (J.P.M.L. 1979) (panel transferred actions despite pendency of motions [*4] to dismiss for lack of subject matter jurisdiction). Indeed, as a court in this district has recognized, the benefits of transferring such cases "to the MDL--the body established by Congress specifically to ameliorate the duplicative litigation and the valuable waste of judicial resources--are obvious" *Johnson v. AMR Corp.*, 1996 U.S. Dist. LEXIS 4172, 1996 WL 164415 (N.D. Ill. 1996).

Ms. Tench's proffer of snippets from an unrelated letter from the MDL Panel regarding a different case entirely is not an indication that the MDL Panel wants me to decide this issue immediately. Judge McKeague has been involved with the consolidated proceedings for over three years and is intimately familiar with many of the key facts which must be considered in a jurisdictional analysis. His experience will inform the question of jurisdiction and should not be wasted. n1 This issue may arise again in other actions against Jackson National, so resolution by Judge McKeague in a single forum will ensure consistency and avoid duplicative efforts.

n1 In this Circuit, calculation of the amount in controversy in a class action is no simple task, and is determined by aggregating the plaintiff's compensatory damages along with the plaintiff's pro rata share of attorneys fees, punitive damages, and the cost of injunctive relief to the defendant. *In re Brand Name Prescription Drugs*, 123 F.3d 599 (7th Cir. 1997). Judge McKeague has more experience with the factual issues, including potential class size and valuation of the "vanishing premium" policies. The amount in controversy is most efficiently decided by the court who has managed similar proceedings with common issues of law and fact for over three years.

[*5]

Since the MDL Panel will hear argument on this issue only a week from now, there will be no prejudice to Ms. Tench from undue delay nor will she be denied the opportunity to be heard on the issue of subject matter jurisdiction. A stay would be for only the limited period until the MDL Panel decides whether to consolidate the instant action, then Ms. Tench may proceed with all of her desired motions. A stay is therefore the most appropriate option pending a final decision on transfer by the MDL Panel.

The defendants' motion to stay is GRANTED until the MDL Panel decides whether to transfer this case to the consolidated proceedings.

**ENTER ORDER:**

**Elaine E. Bucklo**

United States District Judge

Dated: November 10, 1999