# EXHIBIT 2

LEXSEE 1995 US DIST LEXIS 2656

**CALVIN BOUDREAUX, ET AL. VERSUS METROPOLITAN LIFE INS. CO., ET AL.**

**CIVIL ACTION NO. 95-138 SECTION "R"**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA**

**1995 U.S. Dist. LEXIS 2656**

**February 24, 1995, Decided**
**February 24, 1995, FILED, ENTERED**

**DISPOSITION:** [*1] GRANTED.

**COUNSEL:** For CALVIN BOUDREAUX, JOSEPH MOLAISON, JUDY TRAFFICANO, RUTH PALERMO, JERRY - VERDIN, LINDA VINET, ENID ENCALADE, GARY - VERDIN, BILLY VERDIN, JAMIE VERDIN, JERRY VERDIN, JR, husband and heirs of Lois Verdin, JOYCE CHILDRESS, DONNA BRANDT, GLENN CHILDRESS, widow and heirs of Joseph Childress, JESSIE DELHOMMER, PATRICIA DAVELLO, DONNA GREEN, widow and heirs of George Delhommer, VERONICA THOMAS, JOHN - GRIFFIN, CLEMENTINE CHARLES, NELIDA HARRIS, heirs of Jessie Griffin, ANNA RIVERO, NORMA FABRE, SIDNEY RIVERO, JR, JAMES RIVERO, widow and heirs of Sidney Rivero, JUNE ROUSELLE, widow of Robert Rouselle, MARILYN SMITH, widow of Edwin Smith, KATHERINE STEIN, MARY LEE SIMON, widow and heir of Carrolld Stein, on behalf of themselves and all others similarly situated, plaintiffs: Rodney Paul Vincent, Meyer H. Gertler, Jill Duplantis Trahan, Gertler, Gertler & Vincent, New Orleans, LA.

For METROPOLITAN LIFE INSURANCE COMPANY, defendant: Julie Parelman Silbert, Gary A. Bezet, Susan Knight Carter, Charles S. McCowan, Jr., Todd A. Rossi, Mathile W. Abramson, Jay Morton Jalenak, Jr., Kean, Miller, et al, Baton Rouge, LA.

**JUDGES:** Sarah S. Vance, J.

**OPINION BY:** Sarah S. Vance

**OPINION:**

**ORDER GRANTING MOTION FOR A STAY**

This matter is before the Court on a motion by defendant Metropolitan Life Insurance Company ("Metropolitan") to stay the proceedings in this Court during the pendency of a conditional transfer order issued by the Judicial Panel on Multidistrict Litigation. Alternatively, Metropolitan seeks to continue the hearing on plaintiffs' motion to remand, which is presently scheduled for March 8, 1995. In connection with the requested continuance, Metropolitan seeks leave of court to conduct discovery on the issue of the subject matter jurisdiction of this Court and to propound in excess of twenty-five interrogatories. Because the Court finds that a stay of proceedings is appropriate, it does not reach defendant's alternative requests.

**I. BACKGROUND**

Plaintiffs are residents of Louisiana who filed a class action petition against Metropolitan, a New York corporation, and Dr. Samuel Logan, a resident of Louisiana, in state court on November 23, 1994. Plaintiffs are employees of Johns Manville Corporation at its Marrero, Louisiana plant, family members of such employees, or persons who lived in the vicinity [*2] of the Marrero plant in Marrero. Johns Manville's Marrero plant manufactures asbestos cement products, including pipe, building products and roofing materials. Plaintiffs allege injury from exposure to asbestos fibers as well as intentional concealment of the hazardous nature of asbestos fibers.

1995 U.S. Dist. LEXIS 2656, *2

Defendant removed the case, asserting that this Court has diversity jurisdiction over the action because plaintiffs fraudulently joined Dr. Logan, the non-diverse defendant, and because plaintiffs seek damages of greater than $ 50,000. Plaintiffs filed a motion to remand the action to state court on January 24, 1995. On January 25, 1995, Metropolitan requested that the Judicial Panel on Multidistrict Litigation ("the Panel") transfer the case to the Eastern District of Pennsylvania, where multidistrict litigation is pending. A conditional transfer order was issued by the Panel on February 2, 1995.

Metropolitan now seeks a stay of the proceedings in this Court during the pendency of the Panel's conditional transfer order. Metropolitan asserts that the Pennsylvania district court has authority to rule on plaintiffs' motion to remand and, in fact, should decide the motion because similar issues [*3] could arise in other transferred cases. Alternatively, Metropolitan seeks to continue the hearing on the motion to remand presently scheduled for March 8, 1995 to permit discovery on the issues of fraudulent joinder of Dr. Logan and the amount in controversy as to all plaintiffs.

## II. ANALYSIS

### a. Stay of proceedings

The pendency of the transfer order does not in any way defeat or limit the authority of this Court to rule upon matters properly presented to it for decision. *In re Air Crash at Paris, France,* 376 F. Supp. 887 (JPML 1974). The decision whether to stay proceedings is discretionary, and the exercise of discretion is guided by the policies of justice and efficiency. Id.; *In re Ivy,* 901 F.2d 7, 9 (2d Cir. 1990). See also H.R. Rep. No. 1130, 90th Cong., 2d Sess., *reprinted in* 1968 U.S. Code Cong. & Admin. News 1898, 1900 ("It is expected that such transfer is to be ordered only where significant economy and efficiency in judicial administration may be obtained.").

In this case, judicial economy would be served by a stay pending the transfer if the issues involved in the remand motion are likely to arise [*4] in the cases that have been or will be transferred to the Eastern District of Pennsylvania. *In re Ivy,* 901 F.2d at 9. The transferee judge "certainly has the power to determine the question of remand," and if the remand issues are common to

many of the asbestos cases, decision by the transferee judge would avoid "duplicative discovery and conflicting pretrial rulings." *In re Air Crash Disaster at Florida,* 368 F. Supp. 812, 813 (JPML 1973).

In this case, Metropolitan challenges the joinder of the nondiverse defendant on the basis of prescription. Metropolitan claims that plaintiffs had knowledge of their claims against Dr. Logan prior to one year before filing this action so that there is no possibility that these plaintiffs could assert a timely claim against him. Issues of prescription are common in products liability cases such as this asbestos case. Since the physical effects of asbestos exposure can take years to manifest themselves, the threshold issue of timeliness arises frequently. *See Trizec Properties v. U.S. Mineral Products Co.,* 974 F.2d 602 (5th Cir. 1992); George R. Murphy, [*5] *Asbestosis Litigation: Prescription, Contribution, Exposure, Insurance, and the Public Interest,* 54 La. L. Rev. 467 (1993).

Because the issue involved in this remand motion is likely to be common to other transferred cases, the policies of efficiency and consistency of pre-trial rulings are furthered by a stay of the proceedings in this Court pending a decision on the conditional transfer order. The Pennsylvania district court should determine the timeliness of claims for injury from exposure to asbestos, regardless of whether the issue arises on a motion to remand n1 or on the merits of the claim. Accordingly,

IT IS ORDERED that the motion to stay proceedings is GRANTED.

n1 The timeliness of plaintiffs' claims against Dr. Logan is a factor in determining fraudulent joinder because a defendant claiming fraudulent joinder must show that there is *"no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812 (5th Cir. 1993). Proof that plaintiffs' claims against Dr. Logan have prescribed is one method of establishing their inability to state a claim against him.

[*6]