# EXHIBIT 3

LEXSEE 1992 US DIST LEXIS 7374

AMERICAN SEAFOOD, INC. v. MAGNOLIA PROCESSING., INC., et al., LEVY WORLD LIMITED PARTNERSHIP v. MAGNOLIA PROCESSING, INC., et al.

CIVIL ACTION No. 92-1030, CIVIL ACTION No. 92-1086

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

1992 U.S. Dist. LEXIS 7374

May 6, 1992, Decided
May 7, 1992, Filed; May 8, 1992, Entered

COUNSEL: [*1] For Plaintiff:

FRANK D'AMICO, JR., 629 BARONNE ST., NEW ORLEANS, LA 70113, USA, WARREN RUBIN, GROSS & METZGER, P.C., 1420 WALNUT STREET, SUITE 408, PHILA, PA 19102, USA.

For Defendants:

FRED C. DE LONG, JR., CAMPBELL, DE LONG, HAGWOOD & WADE, 923 WASHINGTON AVE., P.O. BOX 1856, GREENVILLE, MS 38702-1856, USA, CHARLES J. BLOOM, KLEINBARD, BELL & BRECKER, 1900 MARKET ST., SUITE 700, PHILADELPHIA, PA 19103, USA, ROBERT FLEISHMAN, 1330 CONNECTICUT AVE., NW, WASHINGTON, DC 20036, USA, CARL W. HITTINGER, BALLARD, SPAHR, ANDREWS & INGERSOLL, 1735 MARKET STREET, 51ST FL., PHILA, PA 19103-7599, USA, JOHN F. BEUKEMA, FAEGRE & BENSON, 90 S. 7TH STREET, 2200 NORWEST CENTER, MINNEAPOLIS, MN 55402, USA, GEORGE E. RAHN, JR., PIPER & MARBURY, TWO PENN CENTER PLAZA, SUITE 1500, PHILADELPHIA, PA 19102-1715, USA, WILLIAM F. HARGENS, MC GRATH, NORTH, MALLIN & KRATZ, P.C., 222 S. FIFTEENTH ST., ONE, CENTRAL PARK PLAZA, SUITE 1100, OMAHA, NE 68102, USA,

For Movant: R. J. SCOTT GRIFFITH, ROGER L. CURRIER, U.S. DEPT. OF JUSTICE, ANTITRUST DIV., 7TH AND WALNUT STS., THE CURTIS CENTER, STE. 650 WEST, PHILA, PA 19106, USA, LAURA HEISER, U.S. DEPT. OF JUSTICE, ANTITRUST DIV., 7TH AND WALNUT ST., THE [*2] CURTIS CENTER, STE. 650 WEST, PHILA, PA 19106, USA.

For Plaintiff:

STEVEN J. GREENFOGEL, MEREDITH & COHEN, 117 S. 17TH STREET, 22ND FL., ARCHITECTS BLDG., PHILA, PA 19103, USA, MICHAEL J. FREED, MUCH, SHELIST, FREED, DENENBERG, AMENT & EIGER, 200 N. LA SALLE, STE. 2100, CHICAGO, IL 60601-1095, USA, KRISHNA B. NARINE, MEREDITH & COHEN, P.C., 117 S. 17TH STREET, ARCHITECTS BLDG., 22ND FL., PHILA, PA 10103, USA, WARREN RUBIN, GROSS & METZGER, P.C., 1420 WALNUT STREET, SUITE 408, PHILA, PA 19102, USA.

For Defendant:

PHILIP MALET, STEPTOE & JOHNSON, 1330 CONNECTICUT AVE., NW, WASHINGTON, DC 20036, USA, DOUGLAS EVAN RESS, KAUFMAN, COREN & RESS, 1525 LOCUST ST., 16TH FL., PHILA, PA 19102, USA, FRANK W. TRAPP, POST OFFICE BOX 55507, JACKSON, MS 39296-5507, USA.

**JUDGES:** HUTTON

**OPINION BY:** HERBERT J. HUTTON

**OPINION:**

**MEMORANDUM AND ORDER**

HUTTON, J.

Presently before the Court are three pending motions for a stay of the proceedings in the above captioned matters. The first is the United States' Motion for Limited Intervention and for Stay of Discovery. The second is the motion of two defendants for a stay of all proceedings pending the completion of the criminal prosecutions in these matters. The third [*3] is a motion by one defendant for a stay of all proceedings in the above captioned matters until the Judicial Panel on Multidistrict Litigation [JPML] decides the pending motion to transfer. Responses have been filed to all of the above motions, and all are ripe for disposition. For the following reasons, the Court will grant the motion to stay pending the JPML decision and deny the United States motion and the motion to stay pending completion of the criminal prosecutions without prejudice and with leave to renew.

There are at least six pending civil actions in the federal district courts which concern the alleged antitrust violations of the defendant catfish producers. Four are pending in the Northern District of Mississippi and two are pending before this Court in the Eastern District of Pennsylvania. The criminal action is also pending in this district before this Court. One defendant has already pled guilty in the criminal action and has been sentenced. The grand jury investigation is still proceeding in this district. Similar motions have been filed in this Court and the Mississippi Court regarding possible class actions and a possible stay of all proceedings. The plaintiffs [*4] in the Mississippi actions have moved the JPML for consolidation of all of the cases and a transfer of all cases to the Northern District of Mississippi. The Pennsylvania plaintiffs have responded in opposition and have moved for a transfer of all civil actions to this Court. A hearing before the JPML has been scheduled on the motion for May 29, 1992. All of the parties in the Mississippi litigation have agreed to stay merit discovery pending the outcome of the JPML hearing.

There are motions for class action certification pending in both of the above captioned cases. Responses to those motions are not due until May 15, 1992. Also pending are five recently filed motions to dismiss or transfer venue to the Northern District of Mississippi filed by four of the defendants. Pursuant to stipulation the defendants were permitted to respond to plaintiffs' discovery requests by April 30, 1992.

The power of a court to stay proceedings is within the discretion of the district court. The power derives from and is incidental to the power of every court to manage the cases on its docket to ensure a fair and efficient adjudication. Gold v. Johns Manville Sales Corp., 723 F.2d 1068, 1077 (3d Cir. 1983). [*5] The party seeking the stay must demonstrate a clear case of hardship or inequity if granting that stay would prejudice the non-moving party. Id. at 1076. The plaintiffs will not be substantially prejudiced by staying this action pending the decision of the JPML. The stay which the Court orders will only be in effect until the JPML issues its decision. Therefore, there will be no extended delay in the commencement of discovery.

Moreover, any prejudice to the plaintiffs is clearly outweighed by the considerations of judicial economy and possible prejudice to the defendants. As of the date of this Memorandum, there are six pending motions which impact either substantive legal issues or the important procedural questions of class action certification. These issues should be addressed by the court to which all of the pending civil actions are assigned. In addition, there are the two related motions for stay filed by the United States and one of the defendants. These stay issues should also be addressed by the transferee court. If this Court were not to stay the proceedings in these two cases, the Court will have to consider the motions to dismiss and the [*6] motions for class action certification. This Court's rulings on those motions may conflict with the decisions of the Northern District of Mississippi which has in front of it similar motions. The result is that the defendants may be forced to prosecute or defend similar motions twice and the decisions of this Court and the Northern District may be in conflict. The duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay. Arthur-Magna, Inc. v. Del-Val Financial Corp., 1991 WL 13725 (D.N.J. 1991); Portnoy v. Zenith Laboratories, 1987 WL 10236 (D.D.C. 1987).

This Court agrees with the plaintiffs that the Court is not required to stay proceedings simply because there is a motion pending before the JPML. Rule 18 of the Rules of Procedure of the Judicial Panel on Multidistrict

Litigation. This Court agrees with the court in Arthur-Magna which held that Rule 18 allows the court to proceed with the case but does not require the court to do so, if the court determines that a stay is in the interest of fairness. This Court has determined that a stay pending the disposition [*7] of the JPML motion is appropriate under the circumstances. The JPML Rules or enabling statute are not in conflict with the decision to stay.

The Court is denying the motions for stay pending the outcome of the criminal proceedings at this time, because that issue is more appropriate for the transferee court. Therefore, the case of Weil v. Markowitz, 824 F.2d 166 (D.C. Cir. 1987), which is cited by the plaintiffs is inapposite. Another case cited by the plaintiffs, Hachette Distribution, Inc. v. Hudson County News Co., 136 F.R.D. 356, 358 (S.D.N.Y. 1991), states that a stay of discovery should be considered on a case by case basis. The Court further notes that the district court has the inherent power to stay discovery pending dispositive motions or preliminary questions of jurisdiction. Id. It must be noted that in the Hachette case, the court considered the fact that not all of the defendants were moving for a stay to be extremely relevant. All defendants in this case have moved for a stay of the proceedings. The stay granted by this Order is temporary and warranted in light of the substantial prejudice to the defendants and [*8] considerations of judicial economy. Duplicative motion practice and discovery heavily outweigh the possible prejudice the short period of time that the proceedings are stayed will cause the plaintiffs. Discovery on class certification and JPML issues will be allowed to proceed. An appropriate Order follows.

### ORDER

AND NOW, this 6th day of May, 1992, upon consideration of:

1. The Motion of the United States For Limited Intervention Under Rule 24 and For Stay of Discovery under Rule 26(c), the responses of the Plaintiffs in Opposition, and the Memoranda of the Defendant's in Support;

2. The Motion of Defendants, Fishland, Inc. and Delta Pride Catfish, Inc., for a Stay of All Proceedings, the response of the Plaintiffs, and the Defendants' Reply; and

3. The Motion of Defendant Country Skillet Catfish Company, Inc. for an Order Staying Further Proceedings Pending A Ruling by the Judicial Panel on Multidistrict Litigation, the response of the Plaintiffs and the Defendant's Reply,

IT IS HEREBY ORDERED that:

1. The Motion of the United States For Limited Intervention Under Rule 24 is **DENIED** without prejudice and with leave to renew;

2. The Motion of the United [*9] States For Stay of Discovery under Rule 26(c) is **DENIED** without prejudice and with leave to renew;

3. The Motion of Defendants, Fishland, Inc. and Delta Pride Catfish, Inc., for a Stay of All Proceedings is **DENIED** without prejudice and with leave to renew;

4. The Motion of Defendant Country Skillet Catfish Company, Inc. for an Order Staying Further Proceedings Pending A Ruling by the Judicial Panel on Multidistrict Litigation is **GRANTED**; and

5. All proceedings and discovery except for discovery pertaining to class certification or JPML issues in the above captioned matter are stayed pending the decision of the Judicial Panel on Multidistrict Litigation or a further Order of this Court.

BY THE COURT:

HERBERT J. HUTTON, J.